## 29353. COMOLLI v. COMOLLI GRANITE COMPANY et al.

HALL, Justice.

This is an appeal from an injunction ordered by the Superior Court of Elbert County in a suit concerning management of a closely held corporation. The facts surrounding the litigation and the points of law applicable thereto being of interest only to the parties, no detailed discussion will be given herein; and except as supplemented and modified in the following discussion, the comprehensive opinion of the superior court is adopted as the opinion of this court, and we affirm on the basis thereof.

1. Appellant's contention that equitable estoppel to contest the validity of certain share certificates will not lie against him because he has been guilty of no deception to the injury of the adverse party, is inapplicable to these facts. The estoppel operating here is well exemplified by the following language from *Chalverus v. Wilson Mfg. Co.,* 212 Ga. 612 (4) (94 SE2d 736): "[W]here stockholders in a corporation participate in the performance of an act, or acquiesce in and ratify the same, they are estopped to complain thereof in equity." A similar estoppel was described in *Bloodworth v. Bloodworth,* 225 Ga. 379, 386 (169 SE2d 150): "The plaintiff widow, owning and controlling 119 shares of Sunrise stock, knew of and acquiesced in said agreement [between Sunrise and others] and its application and consummation for over 10 years, accepted the results thereof, and is estopped from setting up or claiming any alleged invalidity or impropriety thereof." The superior court did not err in applying the estoppel complained of.

2. We will not consider here any attack on the validity of the shares held in the name of Mario Comolli nor the proxy applicable thereto, as this question was raised for the first time on this appeal.

3. Considering the superior court's ruling designated "Seventh," holding that shareholders may act through an attorney at law in calling a special meeting of the corporation's shareholders, this holding is directly supported by Code Ann. § 22-604 (a) which permits the

notice of the meeting to be given "by or *at the direction of* the . . . persons calling the meeting . . ." (emphasis supplied) as well as being inferentially supported by the authorities cited by the superior court.

4. The second full sentence of paragraph "Eighth" is amended to refer to the removal of defendant as president and not, as erroneously stated, as director.

Review of the record shows that appellant's enumerations of error are all without merit.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

ARGUED NOVEMBER 13, 1974 — DECIDED JANUARY 8, 1975.

*Kaler, Karesh & Frankel, Ira L. Rachelson, Glenville Haldi,* for appellant.

*Heard, Leverett & Adams, E. Freeman Leverett,* for appellees.