33063, 33064. COMOLLI et al. v. COMOLLI et al.; and vice versa.

UNDERCOFLER, Presiding Justice.

This stockholder action essentially is a dispute between two brothers, Felix Comolli and Louis Comolli. It concerns Comolli Granite Company's purchase of its own corporate stock from Christine Comolli, the widow of a

third brother, Mario Comolli, resulting in Louis becoming majority stockholder. Comolli Granite Company is a successful and valuable closely held family business corporation which was established by C. Comolli, father of the principals, in 1937 and controlled by him until his death in 1956. Thereafter Felix, the eldest son, was elected president and general manager of the corporation. Felix and Louis apparently were employed in the business and earned a substantial amount of their livelihood therefrom most of their adult lives. However, in May, 1974, Felix was removed as director, president, and general manager by a corporate election motivated by Louis and he was elected president and general manager. This action was approved in *Comolli v. Comolli Granite Co.*, 233 Ga. 461 (211 SE2d 750) (1975). At that time the stock ownership in Comolli Granite Company was as follows: Felix Comolli —375 shares; Louis Comolli—375 shares; and Mario Comolli—250 shares. This represented all of the outstanding capital stock authorized and issued. Mario, whose support had permitted Louis to become president and general manager of the company, died, and both of the surviving brothers aggressively sought to purchase Mario's shares from his widow, Christine. Felix was unsuccessful in bidding $800 per share because Christine would not sell to him; however, she sold ten shares at this price to Louis. Thereafter, he initiated action within the corporation on November 12, 1975, and the board of directors approved the corporation's purchase of her remaining 240 shares at $800 per share out of earned surplus. The directors who approved the purchase were Louis, his wife, his son and the company bookkeeper named to fill a vacancy created by Christine's resignation as a director immediately prior to the purchase of her stock. The corporation borrowed the money for the purchase from the Granite City Bank. Felix brought suit challenging the use of corporate funds to purchase Christine's stock. In two counts, Felix complained this act by Louis and the board of directors was illegal because: Count 1—It rendered the corporation insolvent; Count 2—It was a breach of the directors' fiduciary duty and was not consummated for a legitimate business purpose. In Count 3 Felix complained the officers and directors were

guilty of waste, mismanagement and misappropriation of assets and demanded the appointment of a receiver and an accounting.

Louis and his co-defendants answered and counterclaimed for costs and attorney fees alleging the suit was frivolous. The trial court granted Felix' motion for summary judgment as to Count 2, ruling that the redemption of Christine's 240 shares was a breach of fiduciary duty by Louis and by the board of directors. It ordered these shares reissued to Christine and a refund of the purchase price to the corporation. The court granted the defendants' motions for summary judgment as to Counts 1 and 3, denied their motion for summary judgment as to Count 2, dismissed on its own motion the defendants' counterclaim and dismissed the Granite City Bank as a party defendant.

1. We consider first the grant of summary judgment to the plaintiff Felix Comolli and the denial of summary judgment to Louis Comolli and co-defendants as to Count 2.

Defendants (appellants) contend that the corporation has an absolute right under Code Ann. § 22-513 to purchase its own stock out of unreserved and unrestricted earned surplus provided the corporation is not insolvent or the purchase would not render it insolvent, and certain stockholder interests are protected. In the alternative, defendants contend that the evidence shows they acted in good faith. Defendants contend further that the purchase of the stock in fact was done for a "business purpose" but this is not a requirement under Georgia law. They insist a summary judgment in their favor is demanded. Plaintiff contends the corporate purchase of the stock was for the admitted purpose of perpetuating Louis' control of the corporation and was a breach of the directors' fiduciary duty to him.

We reject defendants' contention that a corporation has an absolute right to purchase its own stock under Code Ann. § 22-513 regardless of the circumstances. Code Ann. § 22-513 merely sanctions a corporate purchase of its own shares to eliminate any conflict with the legal principle in some jurisdictions that such a purchase is

never permissible without an express grant of authority.[1]

We agree with defendants' contention that the so called "business purpose" test,[2] adopted by some states to determine whether the purchase of its own stock by a close corporation is valid, does not apply in Georgia.

In Georgia the 1968 Corporation Code requires directors to act in "good faith" and with "ordinary diligence" in all transactions. Code Ann. § 22-713. This is the same duty that had been developed by case law prior to the adoption of the 1968 Corporation Code. Kaplan's Nadler (1971), Georgia Corporation Law § 10-18; *McEwen v. Kelly,* 140 Ga. 720 (79 SE 777) (1913). A corporation must be managed in a prudent manner for the benefit of all stockholders. Directors' actions authorizing purchases of the corporation's own stock must be taken in good faith and with ordinary diligence, the same as any other transaction.[3]

Good faith is not just a question of what is proper for the corporation. It also requires that the stockholders be treated fairly and that their investments be protected. In close corporations, minority stockholders may easily be reduced to relative insignificance and their investment rendered captive, because ordinarily there is no market for minority stock in a close corporation and a minority stockholder cannot easily liquidate his investment for its true value. We recognize that these circumstances may arise in close corporations at any time through combinations of stockholders, sales of stock between stockholders or to third parties and are inherent in the organization of corporations. The control and management of corporations is always dictated by the majority. See *Comolli v. Comolli,* supra. However, it is an entirely different matter when directors use corporate funds to purchase corporate stock to accomplish the same

[1] Israels, Corporate Purchase of Its Own Shares, 50 Cornell L. Q. 620 (1965); *Fitzpatrick v. McGregor,* 133 Ga. 332, 339 (65 SE 859) (1909).

[2] See Kors v. Carey, 39 Del. Ch. 47 (158 A2d 136) (1960).

[3] See also Code Ann. § 22-716, Interested directors and officers.

result. The minority stockholder has an interest in the liquidity of the corporation. He looks to the earned surplus for payment of dividends. In such purchase his own interests are depreciated and used to render him ineffective and "freeze" his investment. In our opinion such action by directors demonstrates a lack of good faith. That is the situation here. Louis stated he purchased 10 shares of Christine's stock; that he did not have the money to purchase more; and then he had the corporation purchase her remaining 240 shares so that he could perpetuate his control of the corporation. He states this was necessary to prevent Felix from gaining control of the corporation and committing the same alleged waste, mismanagement, and misappropriation of funds which culminated in Felix' ouster in 1974. Directors may decide in good faith what is best for the corporation, but this interest must be consistent with good faith to the minority stockholder. Under the circumstances here, we hold that good faith requires the directors to authorize a corporate purchase of Felix' stock at the same price and the same terms given to Christine. In the event the corporation is not legally authorized to do so, or elects not to do so, the corporate purchase of Christine's stock was invalid. Compare Donahue v. Rodd Electrotype Co. of New England, 328 NE2d 505 (Mass.) (1975). This will eliminate any question of a preferential distribution of assets and provide an opportunity for Felix to liquidate his investment. The record here does not affirmatively show whether or not the corporate directors have authorized the corporate purchase of Felix' stock at the same price paid for Christine's stock. Accordingly, the grant of plaintiff's motion for summary judgment as to Count 2 is reversed without prejudice. The denial of defendants' motion as to Count 2 is affirmed.

King Mfg. Co. v. Clay, 216 Ga. 581, 585 (118 SE2d 581) (1961) cited by defendants, is inapposite. In that case the stock was purchased individually and not by the corporation. Ruffner v. Sophie Mae Candy Corp., 35 Ga. App. 114 (3) (132 SE 396) (1926) is also inapposite. In that case the good faith of the directors to minority stockholders was not in issue.

2. We affirm the trial court's grant of defendants'

motions for summary judgment on Count 1. The evidence established that the corporation is solvent.

3. There are genuine issues of fact as to waste, mismanagement, and misappropriation of funds. Accordingly, the grant of summary judgment as to Count 3 is reversed.

4. We find no error in dismissing defendants' eleventh defense that Felix Comolli was guilty of mismanagement when he was president and general manager prior to 1974 and is therefore estopped to complain of the corporate stock purchase in dispute. This conduct is irrelevant to the issue here.

5. Defendants' (appellants) enumerations of error complaining of the trial court's failure to rule on certain defenses present nothing for review.

6. Defendants' (appellants) enumerations of error complaining that the trial court sustained objections to certain statements in an affidavit by Louis Comolli are without merit.

7. The corporation is a party plaintiff and is properly before the court. Code Ann. § 22-714.

8. We find no error in dismissing defendants' counterclaim for costs and attorney fees. If plaintiff's suit is without reasonable cause, expenses including attorney fees may be awarded without a counterclaim being entered. Code Ann. § 22-615 (e).

9. Plaintiffs' (cross appellants) enumerations charging error in allowing and considering cross appellee's affidavits subsequent to the hearing on the motions for summary judgment and error in overruling objections to certain portions of the affidavits are without merit.

*Judgment on the main appeal affirmed in part and reversed in part. Judgment on the cross appeal affirmed in part and reversed in part. All the Justices concur.*

ARGUED JANUARY 10, 1978 — DECIDED APRIL 18, 1978 —
REHEARINGS DENIED MAY 23 AND
JUNE 29, 1978.

*Heard, Leverett & Adams, E. Freeman Leverett,*

*Thomas, Mann & Gossett, J. Thomas Mann,* for appellants.
*Thomas M. Strickland,* for appellees.