A89A2258. BARBER v. COLLINS.
(390 SE2d 633)

SOGNIER, Judge.

Eugene Barber submitted to the Clerk of the Superior Court of Fulton County an affidavit of indigency and a claim to be asserted against Marcus E. Collins in his capacity as Commissioner of the Department of Revenue. Pursuant to OCGA § 9-15-2 (d), the clerk presented the pleading to a judge of that court, who ordered that the claim be filed. The claim subsequently was presented to another judge of the superior court, who entered an order finding that the claim showed a complete absence of any justiciable issue of law or fact. Barber appeals from the order denying filing of his claim.

1. Appellee's motion to dismiss the appeal is wholly without merit because OCGA § 9-15-2 (d) expressly provides that "[a]n order denying filing shall be appealable in the same manner as an order dismissing an action," and here the order appealed from was final within the meaning of OCGA § 5-6-34 (a) (1) in that the case was no

longer pending in the court below.

2. Appellant contends the order appealed from was invalid because of the issuance of the first order directing the filing of his complaint. We agree and reverse. OCGA § 9-15-2 (d) provides that when a *pro se* civil action and affidavit of indigency are presented to the court, the clerk "shall present the complaint or other initial pleading to *a* judge of the court" for review. (Emphasis supplied.) Here, that procedure was followed, and the judge to whom appellant's claim was presented found that the complaint set forth a justiciable issue, and directed the clerk to file the pleadings. This order was not vacated or withdrawn, nor was it revised or revoked during the same term of court by the judge who issued it. Compare *LeCraw v. Atlanta Arts Alliance*, 126 Ga. App. 656, 663 (191 SE2d 572) (1972). Accordingly, the second order denying filing was a nullity.

3. In his notice of appeal appellant petitions for recusal of the judge who entered the second order. There is nothing in the record to indicate that appellant filed a motion for recusal in the superior court or obtained a ruling from the lower court on this issue. Accordingly, this court has nothing to review. *Savage v. Savage*, 234 Ga. 853, 856 (218 SE2d 568) (1975).

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 2, 1990.

Eugene Barber, *pro se.*

Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, David I. Adelman, for appellee.