A94A2292. HAMPTON v. NORRED & ASSOCIATES, INC.
(454 SE2d 222)

JOHNSON, Judge.

United Parking, Inc., hired Norred & Associates, Inc., to investigate employees suspected of stealing money from United. Norred investigators questioned United employee Paul Hampton regarding the alleged thefts. Hampton then sued Norred and others, claiming, among other things, he was falsely imprisoned during the questioning and is entitled to punitive damages and attorney fees. The trial court granted summary judgment to the defendants on all of Hampton's claims. Hampton appeals.

1. Hampton contends the court erred in granting summary judgment to Norred on the false imprisonment claim. "On summary judgment, [the] movant has the burden to show there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law. 'In ruling on a motion for summary judgment, . . . the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion.' [Cit.]" *Williams v. Food Lion*, 213 Ga. App. 865 (1) (446 SE2d 221) (1994); OCGA § 9-11-56. Construing the evidence in the current case and all inferences therefrom most favorably toward Hampton, we conclude Norred did not meet its burden of showing there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on the false imprisonment claim.

"The essential elements of the cause of action for false imprisonment are a detention of the person of another for any length of time, and the unlawfulness of that detention. A detention need not consist of physical restraint, but may arise out of words, acts, gestures, or the like, which induce a reasonable apprehension that force will be used if plaintiff does not submit; and it is sufficient if they operate upon the will of the person threatened, and result in a reasonable fear of personal difficulty or personal injuries." (Citations and punctuation omitted.) *Fields v. Kroger Co.*, 202 Ga. App. 475 (414 SE2d 703) (1992); see OCGA § 51-7-20. "A person need not make an effort to escape or to resist until an application of open force results, thereby risking possible physical injury, before he can recover; however, an actual detention must have occurred whether caused by force or fear." (Citation omitted.) *Williams v. Food Lion*, supra at 865 (2). In the instant case, Hampton's deposition testimony creates genuine issues of material fact as to whether he was unlawfully detained by actual physical restraint and by the words and acts of Norred agents which reasonably induced him into believing force would be used against him if he did not submit to their questioning.

Hampton testified that he was questioned for three or four hours in a room at United's office building by a man identifying himself as a City of Atlanta police officer. Hampton later learned this man was not a police officer, but was actually a Norred investigator. During the questioning, the investigator had handcuffs lying on a table, had a gun and microphone strapped to his leg, cursed at Hampton and called him names, stomped on the floor, and kicked and beat the table. More than once Hampton attempted to leave the room, but two other Norred agents prevented him from exiting by blocking the doorway and bumping into him. These agents told Hampton to sit back down because they had not finished questioning him and he could not leave until he admitted how much money he had stolen. The Norred investigator then took $70 from Hampton and forced him

to sign a statement admitting the thefts.

Norred argues that in spite of this testimony Hampton was not detained because he admitted he voluntarily went to United's office building and never asked to leave. This argument is disingenuous and misconstrues Hampton's deposition testimony. A review of his entire deposition reveals that Hampton never contradicted the material elements of his testimony that he initially went to United's offices at the request of the company president, but was not told why he had been summoned; that once the Norred investigator accused him of the thefts he tried to leave the premises; and that Norred agents prevented his exit. Under these circumstances, Hampton was not required to also ask for permission to leave. Contrary to Norred's argument, this is not a case in which the plaintiff unquestionably chose to surrender his freedom of motion, by remaining in a room or accompanying the defendant voluntarily, to clear himself of suspicion. See *J. H. Harvey Co. v. Speight*, 178 Ga. App. 812, 813 (344 SE2d 701) (1986); *Crowe v. J. C. Penney*, 177 Ga. App. 586, 588 (2) (340 SE2d 192) (1986). Rather, this is a case which presents a genuine issue of material fact as to whether Norred detained Hampton. Compare *Williams v. Smith*, 179 Ga. App. 712, 713 (1) (348 SE2d 50) (1986).

Alternatively, Norred contends that any detention of Hampton was lawful because Norred had probable cause to suspect him of theft. In support of this contention, Norred cites OCGA § 51-7-60. Norred's reliance on this statute is misplaced. "The statute provides a defense to claims of false arrest or false imprisonment whenever the owner or operator of a mercantile establishment or any agent or employee of the owner or operator detains, arrests, or causes to be detained or arrested any person reasonably thought to be engaged in *shoplifting*. . . . The statute makes no reference to the detention of people for reasons other than suspected shoplifting, and being in derogation of common law, it must be strictly construed." (Citations and punctuation omitted; emphasis in original.) *Taylor v. Super Discount Market*, 212 Ga. App. 155, 156 (1) (441 SE2d 433) (1994). Strictly construing OCGA § 51-7-60, we conclude it is inapplicable to the present case. Norred's argument is therefore without merit.

Because Norred failed to carry its burden of showing the lack of any genuine issues of material fact as to whether it unlawfully detained Hampton, the trial court erred in granting summary judgment to Norred on the false imprisonment claim. See *Kemp v. Rouse-Atlanta*, 207 Ga. App. 876, 878-880 (2) (429 SE2d 264) (1993).

2. Hampton asserts the court erred in granting summary judgment to Norred on his claims for punitive damages and attorney fees. The court granted summary judgment as to those claims on the ground that they are derivative of the underlying claims, including false imprisonment, which the court had already adjudicated in favor

of Norred. As discussed in Division 1 of this opinion, because the court erred in granting summary judgment to Norred on the false imprisonment claim, it also erred in finding there is no underlying claim to support the derivative claims of punitive damages and attorney fees.

*Judgment reversed. Beasley, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1995.

*Lynn H. Whatley, Smith, Howard & Ajax, Matthew G. Moffett, Michael J. Rust,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Robert W. Browning, King & Spalding, William A. Clineburg, Jr.,* for appellee.