A97A1799. JOHNSON et al. v. METROPOLITAN ATLANTA
RAPID TRANSIT AUTHORITY.
(495 SE2d 583)

JOHNSON, Judge.

Jimmy Johnson and his wife, Willie Johnson, sued Metropolitan Atlanta Rapid Transit Authority ("MARTA") for personal injuries sustained by Jimmy Johnson and for loss of consortium. The action arose from the stabbing of Jimmy Johnson by an unidentified assailant at a MARTA rail station and alleged that MARTA failed to provide adequate security to control the crowd waiting to enter the station and failed to provide sufficient trains for the crowd. The trial court granted MARTA's motion for summary judgment, and the Johnsons appeal. For reasons which follow, we affirm.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" Id.

Viewed in that light, the record shows the following: Following a tractor pull event at the Georgia Dome on January 8, 1994, Jimmy Johnson, his son, a neighbor and the neighbor's son were waiting in a crowd of patrons outside the faregates of MARTA's Omni rail station to board a train. As Jimmy Johnson waited, he felt "something warm" on his back, touched his back with his hand and realized he was

bleeding and had been cut. Johnson had no advance warning that he was in danger of criminal attack. Johnson alerted a MARTA police officer stationed in the faregate area who came to his aid. Neither Johnson nor anyone else could identify who stabbed him. The officer took a report and attempted to locate a suspect, but no identification or arrest was made.

In order to establish a cause of action for MARTA's negligent failure to provide adequate security and trains, the Johnsons must show that MARTA owed a duty to Jimmy Johnson to make such provisions, that MARTA breached that duty, and that the breach was the proximate cause of the injury alleged. See *Robertson v. MARTA*, 199 Ga. App. 681 (405 SE2d 745) (1991). "It is well established that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." (Citations and punctuation omitted.) Id. at 682. In the case before us, we need not address Jimmy Johnson's status *outside* the faregates because his cause of action fails even under the strictest "extraordinary diligence" standard of care set forth in OCGA § 46-9-132 for passengers of common carriers.

"[A] common carrier is not required to take measures to protect its passengers from the intentional misconduct of third persons until something occurs to put the carrier on notice that such conduct might be reasonably anticipated. [Cit.] To establish reasonable foreseeability, more than the mere possibility of an occurrence must be shown, since otherwise a common carrier would be made an insurer, with absolute liability to all passengers. [Cit.]" *Southeastern Stages v. Stringer*, 263 Ga. 641, 643 (437 SE2d 315) (1993).

1. The Johnsons first allege that Jimmy Johnson's assault was foreseeable because MARTA was on notice that additional officers were needed to maintain control of the crowd. Jimmy Johnson testified that the officer who assisted him after the stabbing stated that he told MARTA more security was needed because of the number of people expected as a result of special events. According to the officer, his co-workers and supervisors were aware of problems and crowds associated with special events like the tractor pull.

However, the record indicates that security measures were in place at the Omni station. MARTA regularly assigns additional officers at various locations on the rail system when special events occur which increase the patronage of a particular station or stations, and it had done so on this occasion. On the date of Jimmy Johnson's stabbing, five officers, in addition to the regular officers on duty, were assigned to the Omni station to provide additional staffing for the tractor pull crowd. Moreover, there was deposition testimony that indicates the atmosphere in the station on the day of the incident was chaotic and would have been so even if MARTA had 50 officers there. The Johnsons failed to provide any evidence showing

that MARTA's security measures fell below reasonable security standards and failed to conform to the standard of care required of MARTA. See generally *Reid v. Augusta-Richmond County Coliseum Auth.*, 203 Ga. App. 235, 237 (1) (416 SE2d 776) (1992).

The Johnsons also allege that Jimmy Johnson's assault was foreseeable to MARTA based on a statistical summary of crimes reported at the Omni station from January 1, 1990 to January 8, 1994. However, it is undisputed that no prior violent crimes had occurred at the Omni station in the preceding three years during special events. Thus, there is no evidence in the record to show that MARTA had knowledge that the crowd conditions were likely to result in an assault upon a passenger.

Moreover, it cannot be inferred from a silent record that MARTA negligently failed to maintain an adequate number of trains to transport passengers. The Johnsons' statements, taken in the light most favorable to them, are merely conclusions and are not supported by any evidence in the record. "Allegations, conclusory facts, and conclusions of law cannot be utilized to support or defeat motions for summary judgment. [Cits.]" *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333, 335 (287 SE2d 61) (1981). Since Jimmy Johnson failed to point to specific evidence giving rise to a triable issue on the matter of providing adequate security and a sufficient number of trains, the trial court properly granted summary judgment to MARTA. See generally *Walker v. MARTA*, 226 Ga. App. 793, 796 (1) (487 SE2d 498) (1997) (physical precedent only).

2. Since Jimmy Johnson's appeal fails, affirmance of the trial court's grant of summary judgment is also appropriate for Willie Johnson's derivative claim for loss of consortium. See generally *Henderson v. Hercules, Inc.*, 253 Ga. 685 (324 SE2d 453) (1985).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JANUARY 8, 1998.

*McArthur & McArthur, John J. McArthur*, for appellants.
*Miriam D. Lancaster*, for appellee.