A99A1041. MATTHEWS v. TELE-SYSTEMS, INC. et al.
(525 SE2d 413)

MILLER, Judge.

As a director and approximate one-third shareholder of a close corporation, Tele-Systems, Inc., Charles Matthews agreed to the $12,000-per-month salaries of two other director/shareholders even though he knew the revenue stream of the corporation would not support such unless a hoped-for contract soon began producing substantial revenue. The contract eventually produced the revenue to

support the salaries. Based on false statements by these two directors and the one other director/shareholder that a major client did not want Matthews on the board, Matthews later resigned his directorship and voted his shares with these three to re-elect them to the board.

After issuing more stock to one of the other three stockholders so that Matthews now owned less than one-fourth of the stock, Tele-Systems fired Matthews, and the remaining three director/shareholders voted for a reverse stock split (to which Matthews dissented)[1] that transformed Matthews' stock into a claim for cash.[2] He sued Tele-Systems and its three director/stockholders for breach of fiduciary duty in several counts, including: excessive salaries (Count 1), issuing additional shares (Count 2), squeezing him out through the reverse stock split (Count 3), deceiving him into resigning the directorship (Count 5), attorney fees (Count 6), and punitive damages (Count 7). The court granted summary judgment on these counts, and Matthews appeals only those portions granting summary judgment on Counts 1, 5, 6, and 7. Because Matthews could pursue Count 1 only through a derivative action, and because he experienced no harm in Count 5, we affirm.

1. Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[3] Applying the de novo standard of review to an appeal from a grant of summary judgment, we must view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmoving party.[4]

2. Three independent and separate reasons support summary judgment on Count 1, which alleges that two director/shareholders were overpaid. First, this is a breach of fiduciary duty claim which essentially alleges that the excessive salaries depleted or wasted corporate assets. "The general rule is that a shareholder seeking to recover misappropriated corporate funds may only bring a derivative suit."[5] Because this is a direct action, the claim must fail.

The exception to this rule is where the plaintiff-shareholder can

---

[1] See OCGA § 14-2-1302.

[2] After the filing of the present suit, Tele-Systems began a stock appraisal action in DeKalb Superior Court to determine the fair value of Matthews' shares. See OCGA § 14-2-1330.

[3] OCGA § 9-11-56 (c).

[4] *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997); *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[5] (Citations omitted.) *Thomas v. Dickson*, 250 Ga. 772, 774 (301 SE2d 49) (1983); see *Phoenix Airline Svcs. v. Metro Airlines*, 260 Ga. 584, 585 (1) (397 SE2d 699) (1990) (breaches of fiduciary duty are generally causes of action belonging to the corporation and may be asserted by a shareholder only in a derivative action); *Pickett v. Paine*, 230 Ga. 786, 790 (1) (199 SE2d 223) (1973).

show that the wrongful acts caused a special injury unique to him, i.e., separate and distinct from that suffered by other shareholders of the corporation.[6] If the corporation has creditors or other shareholders who would be prejudiced if the misappropriated funds were not returned to the corporation, then a direct action must fail.[7]

Here Matthews alleged and proved that Tele-Systems funded the two excessive salaries through ongoing and unpaid loans (exceeding $300,000) received from Advanced Technology Associates, now a large creditor of Tele-Systems. Moreover, the fourth director/shareholder did not receive these excessive salaries and, along with the creditor, would also benefit from the return of the misappropriated funds to the corporation. Thus, a direct action was unjustified on this count.

Second, even though he had reservations about the lack of income to support the salaries, Matthews as a director and shareholder voted for and approved the salaries based on the assurances of the others that a hoped-for contract would more than provide the needed income. He testified that he felt the large salaries were in the best interest of the corporation. When the contract was long in coming, he as director made no effort to introduce a resolution or otherwise seek to have the salaries reduced. Having acquiesced in and ratified the salaries, Matthews is estopped from complaining.[8]

Matthews contends, however, that after Tele-Systems fired him and after Tele-Systems generated sufficient income to justify the salaries, one of the stockholders abandoned a key project of the company that would have brought in additional income that would have benefited Matthews as a minority stockholder. Matthews' evidence on this matter comes from a deposition that was taken after the court entered summary judgment and is therefore not available for our consideration in reviewing the court's order.[9] Even that evidence reflects that the project was delegated and not abandoned. Moreover, no evidence shows that any statements or commitments made regarding the hoped-for future project were made either in bad faith or without the present intent to perform.[10]

Third, as conceded by Matthews below, the depletion of corporate assets through excessive salaries would relate to the value or price Matthews is to receive for his shares in the stock appraisal

---

[6] *Phoenix Airline*, supra, 260 Ga. at 585-586 (1); *Holland v. Holland Heating &c.*, 208 Ga. App. 794, 797 (3) (432 SE2d 238) (1993).

[7] *Thomas*, supra, 250 Ga. at 775; *Medlin v. Carpenter*, 174 Ga. App. 50, 53 (3) (329 SE2d 159) (1985).

[8] *Pickett*, supra, 230 Ga. at 792 (2); *Medlin*, supra, 174 Ga. App. at 52 (2).

[9] *T & R Custom v. Liberty Mut. Ins. Co.*, 227 Ga. App. 144, 145 (1) (488 SE2d 705) (1997).

[10] Cf. *Fuller v. Perry*, 223 Ga. App. 129, 130-132 (1) (476 SE2d 793) (1996).

action currently pending in DeKalb Superior Court. Under *Grace Bros. v. Farley Indus.*,[11] Matthews' exclusive remedy for matters affecting the price of his stock is in that action.[12]

The court did not err in granting summary judgment on Count 1.

3. In Count 5, Matthews alleged that the other three director/shareholders, who simply wanted to get rid of him, lied to him by saying that a major client of Tele-Systems wanted him removed from the board of directors. Based on this misrepresentation, Matthews resigned from the board at an October 25 meeting in which the corporation's four shareholders (including him) re-elected only the other three shareholders to the board. He seeks damages caused by his loss of the director's position.

Matthews' claim must fail for the simple reason that the misrepresentation caused him no harm. At that time Matthews owned less than one-third of the shares, with the other three shareholders owning the rest. As owners of more than two-thirds of the outstanding stock, the other three shareholders under the shareholders' agreement and by law had the right and power to vote Matthews out of office.[13] He concedes that he had no contractual right to the office. "The control and management of corporations is always dictated by the majority. [Cit.]"[14] Thus, they did not need to get him to resign voluntarily, and their antics in doing so may have been deceitful but were essentially meaningless since they had the power to oust him in any case.

This is similar to an employer who uses deceitful means to persuade an at-will employee to resign. Because the employer could have fired the employee at will at any time, the choosing of more palatable yet deceitful means does not harm the employee in the end analysis. The court did not err in granting summary judgment on Count 5.

4. Because the attorney fees (Count 6) and punitive damage (Count 7) claims are derivative of Counts 1 and 5, the court did not err in granting summary judgment on these counts also.[15]

5. Seven months after entry of the summary judgment order, the trial judge sua sponte recused himself from the case based on a conflict of interest. Matthews moved the new judge for relief from the judgment and later moved for an extension of time to pay costs of appeal. He filed both of these motions more than eight months after

---

[11] 264 Ga. 817, 820-821 (3) (450 SE2d 814) (1994).

[12] See also *Croxton v. MSC Holding*, 227 Ga. App. 179, 180-182 (1) (489 SE2d 77) (1997).

[13] See OCGA § 14-2-803.

[14] *Comolli v. Comolli*, 241 Ga. 471, 474 (1) (246 SE2d 278) (1978).

[15] See *Johnson v. MARTA*, 230 Ga. App. 105, 107 (2) (495 SE2d 583) (1998); compare *Hampton v. Norred & Assoc.*, 216 Ga. App. 367, 369-370 (2) (454 SE2d 222) (1995).

filing his notice of appeal. In his final enumeration of error, he asserts that the court erred in failing to rule on these motions.

Matthews concedes that as the trial court has not yet ruled on the motions, there is no order from which to appeal. Thus, there is nothing for us to review.[16] Moreover, even if the court had ruled, orders entered after the filing of the notice of appeal are not properly before the appellate court.[17] Finally, the rulings in the divisions above render the motions irrelevant. Because our review of summary judgment orders is de novo,[18] any alleged bias in the trial court's ruling is moot.

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 17, 1999 — 

*Gaslowitz & Associates, Adam R. Gaslowitz, Walter Hamberg III,* for appellant.

*Robins, Kaplan, Miller & Ciresi, Thomas J. Gallo, Sandra G. Kirk, Fain, Major, Wiley & Brennan, Thomas E. Brennan,* for appellees.

---

[16] See *Barber v. Collins,* 194 Ga. App. 385, 386 (3) (390 SE2d 633) (1990).
[17] *Mullen v. Nezhat,* 223 Ga. App. 278, 283 (4) (477 SE2d 417) (1996).
[18] *Desai,* supra, 229 Ga. App. at 163 (1).