## A06A2323. PAUL AND SUZIE SCHUTT IRREVOCABLE FAMILY TRUST et al. v. NAC HOLDING, INC.

(642 SE2d 872)

MIKELL, Judge.

This appeal is taken from the grant of a motion to dismiss the amended complaint of the Schutt Family Trust and other minority shareholders of NAC Holding, Inc., a Delaware corporation. The Schutts originally sought equitable relief in Gwinnett County Superior Court to block the merger of NAC with its parent company, but the trial court refused to enjoin the sale, ruling that the Schutts' only remedy was an appraisal action in Delaware. Rather than pursue this remedy, the Schutts filed an amended complaint, and the trial court soon granted NAC's motion to dismiss. We find no error and affirm.

In 2004, El Dorado Investment Company sought to implement a so-called "short-form" merger with NAC, which develops technology and software for the transportation and tracking of nuclear materials. Both companies are Delaware corporations, and Delaware law permits such a procedure if the parent company owns at least 90 percent of the subsidiary's stock.[1] At the time, El Dorado owned 99.76 percent of NAC's stock, and offered the Schutts a penny for each of their outstanding shares.

The Schutts, who by this time owned less than 0.10 percent of NAC stock, sought to enjoin the merger in a suit alleging that the NAC officers had breached their fiduciary duties by mismanaging the company. The Schutts termed the penny-a-share offer inadequate in light of NAC's potential tort claims against the officers. The trial court denied the Schutts' motion for a temporary restraining order and allowed the short-form merger to go forward on the ground that since the Schutts' "core concern" seemed to be "their dissatisfaction with the amount that NAC has offered them in exchange for their stock," and since such claims were derivative rather than direct, the Schutts' only remedy was an appraisal proceeding in Delaware Chancery Court.[2]

The Schutts neither undertook a Delaware appraisal proceeding nor applied for an interlocutory appeal, however. Instead, they filed an amended complaint adding counts for fraud, fraudulent inducement, and conversion, as when the NAC officers allegedly compelled employees to overstate revenues. After briefing and a hearing, the trial court granted NAC's motion to dismiss, reasoning that (i) a

---

[1] See 8 Del. C. § 253 (a) (2006).

[2] See 8 Del. C. § 253 (d) (2006) ("the stockholders of the subsidiary Delaware corporation party to the merger shall have appraisal rights as set forth in § 262 of this title").

Delaware appraisal proceeding was the Schutts' exclusive remedy for their claims; and (ii) since they were no longer shareholders in the wake of the merger, they no longer had standing to assert such claims on NAC's behalf. The Schutts now appeal, arguing that under Delaware law, a direct action can lie where "fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching are involved."[3] The Schutts also argue that they should have been allowed to conduct discovery before a ruling on the motion to dismiss.

1. "A motion to dismiss for failure to state a claim should be sustained if the allegations of the complaint reveal, with certainty, that the plaintiff would not be entitled to relief under any state of provable facts asserted in support of the complaint."[4]

As a preliminary matter, we reject the Schutts' attempt to recast their derivative action as a direct one. Even in the course of discarding the old rule that a shareholder seeking to maintain a direct action must allege a so-called "special injury," the Delaware Supreme Court recently held that only "[an] action in which the holder can prevail without showing an injury or breach of duty to the corporation should be treated as a direct action."[5] Like their original complaint, the Schutts' amended complaint first alleges that the NAC officers breached their fiduciary duties to the corporation, and then incorporates that allegation in each of its counts, including those for fraud, fraudulent inducement, and conversion. There is nothing in the latter counts, however, to distinguish the Schutts' injuries from those suffered by all NAC shareholders. The Schutts cannot maintain a direct action, then, because all NAC shareholders suffered whatever wrongs the Schutts now allege. It follows that the trial court did not err when it held that since the Schutts are no longer shareholders, they cannot maintain a derivative action against NAC.[6]

The only question remaining is whether the Schutts can rely on the Georgia courts' equitable powers, applying Delaware law, to remedy the fraud alleged for the first time in their amended complaint. In the seminal 1962 case of *Stauffer v. Standard Brands*,[7] the Delaware Supreme Court answered such a question in the negative.

---

[3] (Citation omitted.) *Weinberger v. UOP, Inc.*, 457 A2d 701, 714 (II) (E) (Del. 1983).

[4] (Footnote omitted.) *LaSonde v. Chase Mtg. Co.*, 259 Ga. App. 772, 774 (1) (577 SE2d 822) (2003); see also OCGA § 9-11-12 (b) (6).

[5] (Citation omitted.) *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031, 1036, 1039 (Del. 2004).

[6] See *Lewis v. Ward*, 852 A2d 896, 901 (Del. 2004) ("When a merger eliminates a plaintiff's shareholder status in a company, it also eliminates her standing to pursue derivative claims on behalf of that company"); compare *Tooley*, supra (granting motion to dismiss without prejudice where minority shareholders succeeded in stating a direct but unripe claim).

[7] 41 Del. Ch. 7 (187 A2d 78) (1962).

836

The *Stauffer* plaintiff was out of the country at the time a § 253 short-form merger was accomplished by a majority of shareholders. When he returned and sued for fraud, alleging both mismanagement and a grossly inadequate share price, the trial court granted the defendants' motion to dismiss. The Delaware Supreme Court affirmed, finding that "the real relief sought is the recovery of the monetary value of plaintiff's shares — relief for which the statutory appraisal provisions provided an adequate remedy."[8] While it reserved the power to intervene in cases involving fraud, the court also opined that

> it is difficult to imagine a case under the short merger statute in which there could be such actual fraud as would entitle a minority to set aside the merger. This is so because the very purpose of the statute is to provide the parent corporation with a means of eliminating the minority shareholder's interest in the enterprise.[9]

Although some intervening Delaware decisions expressed reservations with these comments,[10] *Stauffer* has enjoyed a renaissance. In 1983, even as it applied a stringent "entire fairness" standard of review to a cash-out merger by a 50.5 percent majority, the Delaware Supreme Court declared that in future cases, it would "return to the well-established principles of *Stauffer* . . . mandating a stockholder's recourse to the basic remedy of an appraisal."[11] In 2000, the same state's Chancery Court confirmed that *Stauffer* and its progeny "remain authoritative expressions of the law."[12]

When the Schutts did not appeal the trial court's denial of injunctive relief before the merger and then failed to assert on this appeal that such denial was error, they waived any argument they may have had concerning that decision.[13] Moreover, to the extent that the Schutts viewed NAC's value in the rosy light of a recovery for the same wrongs alleged in their complaint, and were therefore aggrieved by the price they were offered for their shares, we hold that they were required to pursue their remedy in the form of a Delaware

[8] Id. at 9.
 [9] Id. at 10.
 [10] See, e.g., *Roland Intl. Corp. v. Najjar*, 407 A2d 1032, 1036 (II) (C) (Del. 1979).
 [11] (Citation omitted.) *Weinberger*, supra at 714-715 (II) (E).
 [12] *In Re Unocal Exploration Corp. Shareholders Litigation*, 793 A2d 329, 347 (IV) (A) (2) (e) (Del. Ch. 2000).
 [13] See, e.g., *Bokat v. Getty Oil Co.*, 262 A2d 246, 249 (Del. 1970) (plaintiff who fails to attack merger cannot invoke a court's equitable powers against the merger in a later direct action); *Anthony v. McManus*, 281 Ga. App. 562 (637 SE2d 208) (2006) (appealable orders not enumerated as error are affirmed).

appraisal action. When the Schutts chose not to pursue this remedy, the trial court was within its rights to deny them relief by granting NAC's motion to dismiss.[14]

2. Finally, we reject the Schutts' contention that the trial court erred in not allowing them sufficient discovery. "We will not reverse a trial court's ruling on discovery matters in the absence of an abuse of discretion."[15] Here, while the motion to dismiss was pending, the parties stipulated to a stay of discovery pending a ruling on NAC's motion for protective order — a ruling which never came, since the trial court granted NAC's motion to dismiss in the meantime. In any case, and as we have explained in Division 1, we accept the allegations of the Schutts' amended complaint as true for purposes of this appeal. Since no further factual allegations were needed to make out their case for the purpose of surviving a motion to dismiss, and since the trial court did not err when it dismissed the case notwithstanding, it follows that the trial court did not abuse its discretion when it did so without ordering further discovery.[16]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MARCH 1, 2007 — 

*Anderson Dailey, Michael A. Dailey,* for appellants.
*Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer, King & Spalding, Daniel J. King, Powell, Goldstein, Frazer & Murphy, John M. Gross, John R. Bielema, Jr.,* for appellee.

---

[14] See *Unocal*, supra at 332 (I) (finding "no basis to conclude that a statutory appraisal was inadequate to address plaintiffs' claims," including breach of fiduciary duty, and entering judgment in favor of defendants "[b]ecause plaintiffs chose not to pursue their exclusive appraisal remedy"); compare *Braasch v. Goldschmidt,* 41 Del. Ch. 519, 524 (199 A2d 760) (1964) (allegations that short-form merger not fraudulent in itself was the "final step" in a "conspiracy" against minority shareholders were sufficient to survive motion to dismiss).

[15] (Citation omitted.) *Dempsey v. Kaminski Jewelry,* 278 Ga. App. 814, 815 (630 SE2d 77) (2006).

[16] See *Thompson v. Scientific Atlanta,* 275 Ga. App. 680, 683-684 (621 SE2d 796) (2005) (trial court did not abuse its discretion when it denied a request to conduct discovery made after the grant of a motion to dismiss).