A07A2006. LEVY v. REINER et al.
(659 SE2d 848)

RUFFIN, Judge.

Michael Levy, a minority shareholder in Peek-A-Boo, Inc. ("PAB"), sued Michael Reiner and Howard Alpern, directors and officers of PAB, alleging multiple claims including, inter alia, breach of contract and breach of fiduciary duty. The trial court dismissed all but one of Levy's claims — a direct claim for breach of fiduciary duty — which the court subsequently disposed of on motion for summary judgment. Levy appeals, contending that the trial court erred in dismissing his

---

claim for breach of contract based on an agreement between the parties that he alleges granted them equal and reciprocal compensation opportunities with PAB. Levy also challenges the trial court's grant of summary judgment to the defendants on his direct claim for breach of fiduciary duty. For reasons that follow, we affirm.

The record shows that Levy was a minority shareholder in PAB. In August 2003, he sued Reiner and Alpern, individually and in their capacity as directors and officers of PAB, asserting direct claims for securities fraud, breach of contract, and bad faith, and derivative claims for breach of fiduciary duty, breach of contract, and promissory estoppel. After Reiner and Alpern moved to dismiss the direct breach of contract claims, Levy amended his complaint to add a direct breach of contract claim based on Alpern's alleged breach of duty to provide him with an "opportunity to provide management services for [PAB]." Reiner and Alpern then moved to dismiss all pending claims. Thereafter, Levy filed a second amended complaint, adding a direct claim for breach of fiduciary duty — alleging that the defendants paid themselves excessive salaries — and claims for breach of duty of loyalty, fraud, and RICO violations.

On September 13, 2005, the trial court granted Reiner and Alpern's motion to dismiss, leaving only Levy's excessive salary claims. Thereafter, PAB entered into an agreement to sell its assets to a buyer. Levy dissented from the sale and tendered his shares to PAB in July 2005, and PAB filed a petition for the appraisal of corporate shares in the Fulton County Superior Court. Reiner and Alpern then moved for summary judgment on the remaining excessive salary claims, and the trial court granted the motion.

1. Levy contends that the trial court erred in dismissing his claim that Alpern breached his contractual duty to provide Levy with management opportunities with PAB.[1]

Our review of the trial court's ruling on the defendant's motion to dismiss is de novo.[2]

> Our role is to determine whether the allegations of the complaint, when construed in [a] light most favorable to the plaintiff, and with all doubts resolved in the plaintiff's favor, disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts.[3]

---

[1] Levy does not challenge the trial court's dismissal of his remaining claims in the order granting Reiner and Alpern's motion to dismiss.

[2] See *Hendry v. Wells*, 286 Ga. App. 774, 781 (2) (650 SE2d 338) (2007).

[3] (Punctuation omitted.) Id.

On May 5, 2000, Levy and Alpern entered into an agreement entitled "Bill of Sale/Contract for Option to Purchase," in which Levy agreed to purchase additional PAB shares from Alpern.[4] The agreement provided that "Levy and Alpern agree that if either should have the right or opportunity to do consulting work, or work in another capacity, for . . . PAB . . . [,] the other will have the same right. Therefore, both would have the right to their proportionate compensation from this work." Stated differently, the parties agreed that *PAB* would offer the same consulting opportunities to both of them. But PAB was not a party to the contract.

It is axiomatic that "each corporation is a separate entity, distinct and apart from its stockholders . . . [and] that a person who is not a party to a contract (i.e., is not named in the contract and has not executed it) is not bound by its terms."[5] Here, Alpern executed the contract in his personal capacity. PAB was not a party to the agreement and assumed no obligations thereunder. Under these circumstances, this provision in the agreement was neither valid nor enforceable.[6] Thus, the trial court did not err in granting Reiner and Alpern's motion to dismiss Levy's breach of contract claim.[7]

2. Levy contends that the trial court erred in granting summary judgment to Reiner and Alpern on his breach of fiduciary duty claim based on their excessive salaries. We disagree.

"The general rule is that a shareholder seeking to recover misappropriated corporate funds may only bring a derivative suit."[8] Levy argues, however, that because PAB is a closely held corporation, he can maintain a direct action against Reiner and Alpern.

Levy is correct that a shareholder in a closely held corporation may properly maintain a direct action where the evidence shows that the reasons for the general rule requiring a derivative suit do not apply.[9] In general, derivative actions are required in the ordinary corporate context:

(1) to prevent multiple suits by shareholders; (2) to protect corporate creditors by ensuring that the recovery goes to the

---

[4] Levy and Alpern were the only parties to the contract.

[5] (Citation and punctuation omitted.) *Plaza Properties, Ltd. v. Prime Business Investments*, 240 Ga. App. 639, 642 (2) (d) (524 SE2d 306) (1999).

[6] See id.

[7] See id.

[8] (Punctuation omitted.) *Matthews v. Tele-Systems, Inc.*, 240 Ga. App. 871, 872 (2) (525 SE2d 413) (1999); see also *Pickett v. Paine*, 230 Ga. 786, 790 (1) (199 SE2d 223) (1973) (claims for misappropriation of corporate assets generally belong to the corporation); *Haskins v. Haskins*, 278 Ga. App. 514, 520 (1) (629 SE2d 504) (2006).

[9] See *Thomas v. Dickson*, 250 Ga. 772, 774-775 (301 SE2d 49) (1983); *Grace Bros., Ltd. v. Farley Indus.*, 264 Ga. 817, 819 (2) (450 SE2d 814) (1994).

corporation; (3) to protect the interest of all the shareholders by ensuring that the recovery goes to the corporation, rather than allowing recovery by one or a few shareholders to the prejudice of others; and (4) to adequately compensate injured shareholders by increasing their share values.[10]

Here, however, there are other shareholders of PAB who are not parties to this suit. And although Levy states in his brief that "additional claims from other shareholders are unlikely because the other shareholders benefitted from the alleged conduct," he has failed to provide a citation to the record for this assertion. "The burden is on the appellant to show error by the record. This burden cannot be discharged by recitations of error in the brief."[11] Therefore, Levy has failed to show that an exception to the general rule prohibiting direct actions applies to this case.[12]

Further, "the depletion of corporate assets through excessive salaries would relate to the value or price [Levy] is to receive for his shares in the stock appraisal action" filed by Levy in the Fulton County Superior Court.[13] "Under *Grace Bros. v. Farley Indus.*,[14] [Levy's] exclusive remedy for matters affecting the price of his stock is in that action."[15] And because Levy dissented from the sale of PAB's assets and tendered his shares to the corporation, he could not maintain a derivative action for his claim based on excessive salaries.[16]

Thus, the trial court did not err in granting summary judgment to Reiner and Alpern as to Levy's claims for damages arising out of the defendants' alleged breach of fiduciary duties.[17]

3. Levy's brief contains a separate argument in which he appears to challenge the trial court's ruling as to punitive damages. But Levy failed to enumerate this contention as error, and therefore has

---

[10] *Southwest Health & Wellness v. Work*, 282 Ga. App. 619, 626 (2) (c) (639 SE2d 570) (2006); see *Thomas*, supra.

[11] (Citation and punctuation omitted.) *Southwest Health*, supra at 627.

[12] See *Southwest Health*, supra; *Matthews*, supra at 873-874; compare *Thomas*, supra (direct action by shareholder for misappropriation of corporate funds was proper where the plaintiff was the sole injured shareholder); *Stoker v. Bellemeade, LLC*, 272 Ga. App. 817, 821-824 (3) (615 SE2d 1) (2005), rev'd in part on other grounds, *Bellemeade, LLC v. Stoker*, 280 Ga. 635 (631 SE2d 693) (2006) (shareholder could maintain a direct action against the only other two members of corporation).

[13] *Matthews*, supra at 873-874.

[14] Supra at 820-821 (3).

[15] *Matthews*, supra at 874.

[16] See *Grace Bros.*, supra at 818 (1) (only current shareholders have standing to pursue derivative actions on behalf of the company); *Paul and Suzie Schutt Irrevocable Family Trust v. NAC Holding*, 283 Ga. App. 834, 835 (1) (642 SE2d 872) (2007); *Haskins*, supra at 520-521 (2).

[17] See *Southwest Heath*, supra; *Matthews*, supra.

abandoned it on appeal.[18] Pretermitting his abandonment of this issue, Levy's punitive damages claim is derivative of his other claims, and therefore fails as well.[19]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

*Isenberg & Hewitt, Ryan L. Isenberg*, for appellant.
*Albert A. Chapar, Jr.*, for appellees.

---

[18] See *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 130 (1) (514 SE2d 884) (1999) (parties may not "enlarge their enumeration of errors by including additional issues in their brief"); OCGA § 5-6-40 (appellant must file "an enumeration of the errors which shall set out separately each error relied upon").

[19] See *Matthews*, supra at 874 (4).