24401. NATIONAL FIRE INSURANCE CO. *v.* THOMPSON *et al.*

JENKINS, P. J. 1. It is the general rule that "conditions which enter into the validity of a contract of insurance at its inception may be waived by the agent and are waived if so intended, although they remain in the policy when delivered, and limitations therein upon the authority of the agent to waive such conditions otherwise than in writing attached to or

indorsed upon the policy are treated as referring to waivers made subsequently to the issuance of the policy." *Metropolitan Life Ins. Co.* v. *Hale*, 177 *Ga.* 632, 634 (170 S. E. 875); *Mechanics & Traders Ins. Co.* v. *Mutual &c. Asso.*, 98 *Ga.* 262 (25 S. E. 457); *Johnson* v. *Ætna Ins. Co.*, 123 *Ga.* 404 (51 S. E. 339, 107 Am. St. R. 92); *Girard Fire Ins. Co.* v. *Carter*, 32 *Ga. App.* 2 (2) (122 S. E. 649). This distinction, as to whether the matters of forfeiture and the knowledge and acts of the agent existed or occurred at the time of the issuance of the policy, or subsequently, was recognized in *Brown* v. *Globe & Rutgers Fire Ins. Co.*, 161 *Ga.* 849, 851-853 (133 S. E. 260); *Aronoff* v. *U. S. Fire Ins. Co.*, 178 *Ga.* 97 (3), 104 (172 S. E. 59); *May* v. *Globe & Rutgers Fire Ins. Co.*, 23 *Ga. App.* 798, 800 (99 S. E. 631). Where, however, the limitation on the authority of the agent is contained in an application for the insurance, attached to and made a part of the policy, and the agent is therefore not acting within the apparent scope of his authority in waiving a breach of condition existing when the policy was issued, the insurer is not bound by the alleged waiver or by any estoppel. *National Accident & Health Ins. Co.* v. *Davis*, 179 *Ga.* 595 (176 S. E. 387). Under these rules, in the absence of an application containing a limitation on the authority of the agent, where the fire-insurance policy in question required that, "unless otherwise provided by agreement endorsed hereon or added hereto, [the policy] shall be void if, with the knowledge of the assured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed," and that "no officer, agent or representative shall . . be deemed or held to have waived [the] provisions or conditions [in the policy] unless such waiver, if any, shall be written upon or attached hereto," and where the agent had seen in a newspaper a notice as to the foreclosure of the property and had actual knowledge of the foreclosure proceedings at the time of the issuance of the policy, such issuance will constitute a waiver or estoppel as to any forfeiture because of the provisions quoted.

2. In order to transfer title to land by deed, it must be "delivered to the purchaser or some one for him." Code of 1933, § 29-101. "The delivery of a deed is complete as against the maker at the moment when the deed is in the hands or in the power of a grantee or donee or some one for him, with the consent of the grantor and with the intention that the grantee shall hold it as a muniment of title." *Willingham* v. *Smith*, 151 *Ga.* 102 (2), 104 (106 S. E. 117); *O'Neal* v. *Brown*, 67 *Ga.* 707, 712. "Whether a deed has in fact been delivered is a question for the jury, unless the proof is so complete and undisputed that a verdict is demanded thereunder for one or the other party." *Morris* v. *Morris*, 171 *Ga.* 642 (156 S. E. 256); *Lowry* v. *Lowry*, 150 *Ga.* 324 (2), 326, 327 (103 S. E. 813); *Chattahoochee Fertilizer Co.* v. *Quinn*, 169 *Ga.* 801 (151 S. E. 496). *Presumptions* in favor of the delivery of a deed arising from its possession by the grantee, its due recordation, its attestation by an officer, and the possession of the premises conveyed under the deed are evidence of delivery; and while these presumptions are rebuttable ones, the evidence of an unimpeached witness that the deed was not delivered raises a conflict between such presumptive evidence of delivery

and such direct evidence of non-delivery, which can only be decided by the jury . ." *Whiddon* v. *Hall*, 155 *Ga.* 570 (6) (118 S. E. 347). Testimony of the maker of the deed as to delivery or non-delivery and his intention with reference thereto is pertinent. *Toole* v. *Toole*, 107 *Ga.* 472, 478 (33 S. E. 686) ; *Hale* v. *Robertson*, 100 *Ga.* 168 (27 S. E. 937). In the instant case, on the issue of whether or not an insurance policy was voided under a provision that the insured should have "sole ownership" in "fee-simple," although the defendant insurer introduced in evidence a deed to the property from the insured to his wife, reciting a $500 consideration, properly executed, witnessed, and recorded, the presumption of delivery arising from the record of the deed was rebuttable. The evidence was sufficient to present a jury question, where the insured testified that the deed was drawn because he and his wife contemplated a sale or trade of the lot; that he did not give the paper to her or intend to do so, but carried it home and put it in a dresser drawer; that, although both of them had access to this drawer, he had never delivered the deed to her, because she had not paid the purchase-price, and he had not expected her to take the deed; that the collection of rents by the wife from the property was only after his permission to do so; that when he told the agent of the defendant that the property belonged to him, he had never delivered the deed to her, did not know that she had it, and had never authorized her to get it; that he did not know she had it until three or four days before he testified, and he then told her that it was not her property and that she "had no business" to take the deed.

3. Even though it be assumed that, under the Code of 1933, § 57-110, interest eo nomine is not recoverable except where the demand of the plaintiff is made "fixed or certain" by "agreement or otherwise," and interest on a loss under a fire-insurance policy can only be recovered from the date when the amount of the claim has been liquidated and determined (*Sentinel Fire Ins. Co.* v. *McRoberts*, 50 *Ga. App.* 732, 179 S. E. 256; *Insurance Co. of North America* v. *Folds*, 42 *Ga. App.* 306 (4), 155 S. E. 782), a claim for the face amount of a fire-insurance policy on a dwelling is to be deemed fixed, certain, and determined under the contract, so as to authorize interest thereon, where the loss was admittedly total, and the insurance company neither prior to nor in the suit on the policy in any way questioned the amount, but based its sole defense on an alleged forfeiture of the policy by breaches of its conditions.

4. Under the foregoing principles, the verdict in favor of the plaintiff for the amount of the policy and interest, commencing when the defendant's liability under the policy began, sixty days after proofs of loss, was authorized. The court did not err in refusing a new trial on the general grounds, or on the special grounds excepting to instructions which were in substantial accord with these rulings.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided August 5, 1935.

*Spalding, MacDougald & Sibley, Estes Doremus, E. K. Overstreet Jr.,* for plaintiff in error. *T. J. Evans,* contra.