59656, 59813. FIRST BANK & TRUST COMPANY v. INSURANCE SERVICE ASSOCIATION, INC. et al.; and vice versa.

Carley, Judge.

Insurance Service Association, Inc. (ISA) and Ron Martin, the president of ISA, instituted suit against First Bank and Trust Company (Bank) for the conversion of some six checks on which ISA was the named payee. After discovery, both sides made various motions, including a motion for summary judgment by ISA. The motion for summary judgment was granted and the Bank appeals from this judgment and from the grant and denial of various other motions in the case.

The evidence, construed most favorably for the Bank, is as follows: In October of 1978, Ron Gann, an initial member of the board of directors of ISA, presented six checks on which ISA was the named payee for deposit to his account in the Bank. The Bank accepted these checks for deposit into Gann's account without inquiry into the validity of the endorsements. Subsequently, Martin discovered the scheme and informed the Bank that Gann had forged endorsements on ISA checks. Martin executed an affidavit of forgery to that effect. The Bank contacted Gann, who admitted he had added Martin's endorsements to the checks and "that he did this because he felt that this was his share of the money and that was the only way he was going to be able to get his fair share of the funds that were due him." The Bank subsequently put a "freeze" on Gann's

account which was not "picked up" by the computer, resulting in the account currently containing approximately twelve dollars.

1. "An instrument is converted when . . . it is paid on a forged instrument." Code Ann. § 109A-3—419 (1) (c). The evidence here is uncontroverted that Gann had no authority to endorse the checks in question in the names of ISA or Martin. " 'Where the name of the indorsee is forged, a bank which collects the check bearing such forgery and credits the proceeds to the account of the forger commits conversion and it is liable to the person who was the lawful holder prior to the forged indorsement.' [Cit.]" *Thornton & Co. v. Gwinnett Bank &c. Co.,* 151 Ga. App. 641, 643 (260 SE2d 765) (1979). The evidence in the instant case demonstrates that the Bank "converted" the six checks of ISA. "The Uniform Commercial Code states 'in absolute terms' that there is a conversion when an instrument is paid on a forged indorsement. [Cit.]" *Thornton,* 151 Ga. App. at 645, supra. The Bank did not raise the defense of ISA's negligence in substantially contributing to the unauthorized endorsements under Code Ann. § 109A-3—406. Compare *Trust Co. of Ga. v. Port Terminal & Warehousing Co.,* 153 Ga. App. 735 (266 SE2d 254) (1980). Nor did the Bank raise the "affirmative defense" under Code Ann. § 109A-3—419 (3) of compliance with reasonable commercial standards in accepting the checks. Compare *Thornton & Co. v. Gwinnett Bank &c. Co.,* 151 Ga. App. 641, supra. We find without merit the Bank's arguments that summary judgment was erroneously granted because there remain questions of fact as to whether ISA was the named payee on the check. There was evidence that Martin referred to Gann as his "partner." However, there was no evidence whatsoever that, in accepting the checks for deposit, the Bank relied on this statement or considered those instruments to be other than corporate checks. *Mims v. Brook & Co.,* 3 Ga. App. 247 (2) (59 SE 711) (1907). Indeed, the evidence was that the Bank merely relied on the fact that Gann was its customer and nothing more. Although on five of the six checks the designated named payee was ISA without the "Inc.," the Bank accepted them for deposit into Gann's personal account over an endorsement which clearly purported to be a corporate endorsement of ISA. On the sixth check, "ISA Inc." was the named payee but the Bank accepted it for deposit with apparently no purported corporate endorsement whatsoever. On this evidence we reject the contentions that ISA as against the Bank has failed to prove it was the "true holder" of the converted checks. Since, under the evidence there was no genuine issue of material fact as to whether ISA was the named payee on the checks and thus a proper party to an action against the Bank for conversion, it was not reversible error to strike a paragraph of the Bank's answer

which obliquely attempted to raise this "defense." Compare *Elberta Crate &c. Co. v. Watson,* 130 Ga. App. 125 (202 SE2d 656) (1973).

2. It was not error to deny the Bank's motion to add Gann, the alleged forger, as a party defendant to the action pursuant to Code Ann. § 81A-119. This was an action under Code Ann. § 109A-3—419 against the Bank by the named payee for conversion of its checks. Complete relief could be afforded to all parties thereto absent Gann. See, e.g., *Freeman v. Low X-Ray Corp.,* 130 Ga. App. 856 (204 SE2d 803) (1974). If the Bank wished to pursue its remedies against Gann for breach of his warranties under Code Ann. § 109A-4—207, we believe the proper procedure would have been to file a third-party complaint against Gann pursuant to the procedural provisions of Code Ann. § 81A-114. See, e.g., *McMichael v. Ga. Power Co.,* 133 Ga. App. 593 (211 SE2d 632) (1974).

3. The Bank's motion for judgment on the pleadings as to the claim of Martin, in his individual capacity, for conversion of the checks was denied. This was error. " 'We recognize the rule that an action for conversion can be brought only by one who has title, possession, or a right to possession of the property. (Cits.)' " *Thornton & Co. v. Gwinnett Bank &c. Co.,* 151 Ga. App. 641, 643, supra. Martin was not the named payee nor the lawful holder of the corporate checks and cannot bring an action for conversion thereof. Compare *Trust Co. v. Refrigeration Supplies, Inc.,* 241 Ga. 406 (246 SE2d 282) (1978).

4. In Case No. 59813 ISA urges it was error to fail to include a recovery of prejudgment interest in the grant of summary judgment. Had ISA made a demand for recovery of interest, it would have been authorized. *National Bank of Ga. v. Refrigerated Transport Co.,* 147 Ga. App. 240, 245 (248 SE2d 496) (1978). However, ISA made no such demand for prejudgment interest in its complaint or in any amendment thereto. Therefore, it was not error to fail to include such a recovery in the grant of summary judgment. *Williams Realty &c. Co. v. Simmons,* 188 Ga. 184 (3 SE2d 580) (1939); Code Ann. § 81A-108 (a) (1).

5. In Case Number 59656, the grant of summary judgment to ISA is affirmed and the denial of the motion for judgment on the pleadings as to the individual claim of Martin is reversed. In Case No. 59813, the judgment is affirmed.

*Judgment in Case No. 59656 affirmed in part and reversed in part. Judgment in Case No. 59813 affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED APRIL 9, 1980 — DECIDED MAY 20, 1980.

*Lynn A. Downey, Joseph C. Parker,* for appellant.
*N. William Pettys, Jr.,* for appellees.