A00A0446. HOLLOWAY v. STATE FARM FIRE & CASUALTY
COMPANY.

(537 SE2d 121)

JOHNSON, Chief Judge.

At the outset, we note that although the facts in this case seem to raise a number of other issues, the sole issue submitted for our consideration on appeal is whether State Farm Fire & Casualty Company is obligated to pay prejudgment interest on a loss claim.

When several of Bob Holloway's oriental rugs sustained water damage and others were stolen, he submitted claims to his insurer, State Farm. State Farm would not pay for the losses, so Holloway sued. After a trial before a special master, Holloway was awarded damages for his losses but was denied prejudgment interest. Because damages for Holloway's water damage claim were not liquidated, the trial court did not err in denying an award of prejudgment interest on that claim. However, inasmuch as Holloway's theft claim was for liquidated damages, and a party is entitled to prejudgment interest where damages are liquidated, the trial court erred in not awarding prejudgment interest on that claim. Thus, we affirm in part, reverse in part, and remand for issuance of an award for prejudgment interest on the theft claim.

On August 21, 1991, Holloway's basement flooded, and some of his oriental rugs were damaged. On September 16, 1991, Holloway's basement flooded again, and more of the rugs were damaged. After both incidents, Holloway had the damaged rugs professionally dried and treated to prevent color bleeding, rot, and mildew. And in both cases, technicians documented the extent of the damage to each rug. The rugs were returned to Holloway in early October 1991. In 1992, State Farm sent an appraiser to inspect the rugs for damage; he concluded that 13 of the 20 rugs were not damaged. By 1995, Holloway noticed that the rugs had mildewed and rotted. He then discarded 19 of the 20 rugs that are the subject of his water damage claim.

On the day of the first basement flooding, Holloway requested that State Farm insure some duck prints and other items under a personal articles floater (PAF) policy, and State Farm did so. The PAF policy insures certain personal property at the values stated in the policy declarations, rather than the replacement cost value or actual cash value. The next day, Holloway advised State Farm that he wanted to insure some rugs under a PAF policy, and on September 10, after he submitted appraisals for the rugs, State Farm prepared an endorsement to Holloway's August 21, 1991 PAF policy, insuring a total of 25 rugs in the amount of $257,125. After backdating the endorsement application to August 21, 1991, and marking it "binding," State Farm's agent mailed the endorsement to State Farm's underwriting department. Upon that department's review of Hollo-

way's records, State Farm mailed notice to Holloway on October 3 of cancellation of the PAF policy effective October 16, 1991.

On October 11, 1991, Holloway submitted a proof of loss statement, seeking $256,750 for the damaged rugs. On December 4, he submitted another proof of loss statement for $21,000, claiming that five additional rugs insured under the PAF policy were stolen from his home.

When State Farm would not pay for his losses, Holloway sued. The trial court referred the case to a special master to enter findings of fact and conclusions of law. The special master found that Holloway was entitled to recover under the PAF policy for the five stolen rugs and the eighteen water-damaged rugs, awarding him $21,250 and $227,125, respectively. The special master arrived at these totals by adding the coverage amounts predetermined by the policy. After determining that Holloway's claims were for unliquidated damages and that he had discretion to award prejudgment interest, the special master declined to make such an award. The trial court adopted the special master's report and entered the special master's judgment as the judgment of the court. Holloway appeals.

1. Holloway contends that his claims qualified as liquidated damages under OCGA § 7-4-15 and that he was, therefore, entitled to prejudgment interest. He claims that the trial court erroneously adopted the special master's determination that his claim was for unliquidated damages.

(a) As an initial matter, State Farm points out that Holloway did not demand prejudgment interest under OCGA § 7-4-15 in his complaint or amended complaint. Although a general prayer for relief was included in Holloway's complaint, the record indicates that Holloway made no demand for prejudgment interest until his proposed findings of fact and law and, at that time, he made demand for prejudgment interest only under OCGA § 13-6-13, governing prejudgment interest for unliquidated damages.

But even where there is no express prayer, a trial court is authorized to grant appropriate relief, provided the propriety of the relief has been litigated and the opposing party has had an opportunity to assert defenses relevant to the relief.[1] When issues are tried without objection, they are properly before the court whether or not they were included in the pleadings.[2] The record reveals that the parties agreed to submit the issue of prejudgment interest to the special master. Where a party agrees to the manner in which his rights shall be submitted for determination, he will not be permitted to complain on

---

[1] *Church v. Darch*, 268 Ga. 237, 238 (2) (486 SE2d 344) (1997); OCGA § 9-11-54 (c) (1).

[2] See id.; *Bowers v. Howell*, 203 Ga. App. 636, 637-638 (1) (417 SE2d 392) (1992).

appeal.[3] Thus, in this case, Holloway's failure to include a prayer for prejudgment interest does not preclude its recovery.

(b) "A claim is unliquidated when there is a bona fide contention as to the amount owing. A liquidated claim is an amount certain and fixed, either by the act and agreement of the parties or by operation of law; a sum which cannot be changed by the proof."[4] The word "liquidated" as used in OCGA § 7-4-15 means "settled, acknowledged, or agreed."[5]

State Farm concedes that, effective August 21, 1991, it bound coverage for rugs under a PAF policy. Holloway points to a portion of the policy's loss payment section, "We will pay you . . . 60 days after we receive your proof of loss . . ." and argues that because the policy specifies both the amount that is due and the date on which it is due, his claims were for liquidated damages.

But the loss payment section provides:

> We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and: a. we reach agreement with you; b. there is an entry of final judgment; or c. there is a filing of an appraisal award with us.

Further, the policy expressly provides that "[State Farm has] the option of repairing or replacing the lost or damaged property."

Holloway has not shown that there was a filing of an appraisal award with State Farm or that he reached an agreement with State Farm regarding his losses. Rather, State Farm disputed that the rugs were stolen and that the remaining rugs were damaged to the extent claimed.

Regarding the water damage claim, State Farm retained a rug expert who, after inspecting the rugs, disagreed with the extent of water damage Holloway claimed occurred. "In a suit on a property damage insurance policy . . . , where liability is not disputed but where the amount of damage is disputed, the amount is unliquidated."[6] Here, because there was a bona fide dispute between the

---

[3] *T & R Custom v. Liberty Mut. Ins. Co.*, 227 Ga. App. 144, 147 (4) (488 SE2d 705) (1997); *Le Twigge, Ltd. v. Wammock & Co.*, 187 Ga. App. 446, 448 (370 SE2d 631) (1988).

[4] (Citations and punctuation omitted.) *Dept. of Transp. v. Dalton Paving &c.*, 227 Ga. App. 207, 219 (6) (b) (489 SE2d 329) (1997).

[5] (Citations omitted.) *Kent v. Brown*, 238 Ga. App. 607, 616 (518 SE2d 737) (1999).

[6] *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 119 (1) (335 SE2d 547) (1985); compare *Nat. Fire Ins. Co. v. Thompson*, 51 Ga. App. 625, 627 (3) (181 SE 101) (1935) (a claim for the face amount of a fire insurance policy on a dwelling is deemed to be fixed, certain, and determined under the contract, so as to authorize interest where the loss was admittedly total, and the insurance company neither prior to nor in the suit on the policy in any way ques-

parties as to the extent of water damage that was not resolved until trial, it was only after entry of the judgment that the claim became liquidated.[7]

Regarding the theft claim, State Farm disputed liability, presenting evidence that the rugs had not been stolen. But the special master found otherwise. "[W]hen the only issue contested by the insurer is the existence of coverage and not the amount of the claim then the claim is properly considered liquidated."[8] One of State Farm's agents testified that personal property insured under State Farm's PAF policies is insured on an "agreed value" basis, in that the amount of insurance shown for each scheduled item is the agreed value for that item in the event of a total loss. Thus, because Holloway's theft claim was for total losses and the PAF policy predetermined such coverage amounts, his theft claim was for liquidated damages. The fact that State Farm disputed liability at trial did not convert the claim into a claim for an uncertain and, therefore, unliquidated amount.[9]

2. Holloway contends that the trial court erred in adopting the special master's determination that he had discretion as to whether to award prejudgment interest on items covered in the PAF policy and in denying him interest. An award of prejudgment interest for liquidated damages is mandatory rather than discretionary and is awarded as a matter of law.[10]

Because the trial court correctly determined that Holloway's water damage claim was for unliquidated damages,[11] it therefore had discretion in awarding prejudgment interest.[12] But because Holloway's theft claim was for liquidated damages,[13] the trial court was required to award prejudgment interest on that claim. We reverse and remand this case for the trial court to enter a judgment for prejudgment interest on the theft portion of Holloway's award.

---

tioned the amount but based its sole defense on an alleged forfeiture of the policy by breaches of its conditions); *Intl. Indem. Co. v. Terrell*, 178 Ga. App. 570, 571 (2) (344 SE2d 239) (1986) (where insurance company tendered amount demanded by insured, it could not then argue that the amount of the claim was in dispute and that the claim was therefore unliquidated); *Valiant Ins. Co. v. Birdsong*, 665 FSupp. 918 (M.D. Ga. 1987) (prejudgment interest was appropriate where the amount was at all times certain and fixed and there had been no dispute over whether the sums paid to insured were excessive or in any other way inappropriate).

[7] See *Firemen's Ins. Co. v. Oliver*, 182 Ga. 212, 213 (184 SE 858) (1936).

[8] *Enfinger v. Intl. Indem. Co.*, 257 Ga. 385 (359 SE2d 884) (1987).

[9] See generally *Recordex Corp. v. Southeastern Metal Products*, 147 Ga. App. 79 (1) (248 SE2d 159) (1978).

[10] *Rivergate Corp. v. Atlanta Indoor Advertising Concepts*, 210 Ga. App. 501, 503 (3) (436 SE2d 697) (1993).

[11] See Division 1, supra.

[12] See OCGA § 13-6-13.

[13] See Division 1, supra.

3. "Within 20 days after [a special master's] report is filed and notice is given to the parties, either party may file exceptions to be classified separately as 'exception of law' and 'exceptions of fact.' "[14] In this case, the trial court entered a final judgment on the same day that the special master filed his findings of fact and conclusions of law. Holloway contends that the trial court erred in doing so. But because of our rulings in Divisions 1 and 2 and because Holloway concedes that he had no other exception, reversal on this basis is not required.

*Judgment affirmed in part, reversed in part and remanded. Phipps and Mikell, JJ., concur.*

DECIDED JULY 7, 2000 —
RECONSIDERATION DENIED JULY 26, 2000 ▮▮▮▮▮▮▮▮▮

*Glenville Haldi*, for appellant.
*Swift, Currie, McGhee & Hiers, Mark T. Dietrichs, Paul J. Coburn, Erik S. Rodriguez*, for appellee.