A10A1644. CRISLER et al. v. HAUGABOOK et al.
(706 SE2d 184)

SMITH, Presiding Judge.

In the first appearance of this case, we reversed the trial court's grant of summary judgment to the Crislers for money had and received, and directed the trial court to enter judgment in favor of Haugabook. *Haugabook v. Crisler*, 297 Ga. App. 428 (677 SE2d 355) (2009) ("*Haugabook I*"). In this case, the Crislers appeal from the trial court's award of prejudgment interest to Haugabook. We affirm.

In *Haugabook I*, an attorney falsely claimed that he had obtained a settlement for $1 million for his clients, the Crislers, when in fact he did almost nothing to pursue their wrongful death claim. Id. at 428-429. The attorney defrauded his father-in-law, Haugabook, into loaning him $1 million which he used in a check-kiting scheme to cover the $1 million wire transfer to the Crislers. Id. at 429-430. When the scheme was discovered, the Crislers refused to return the money. Id. at 430. Haugabook filed suit against the Crislers asserting several claims, including a claim for money had and received. Id. On cross-motions for summary judgment, the trial court held in favor of the Crislers. Id. at 430-431. We reversed, and instructed the trial court to enter summary judgment in favor of Haugabook holding that the Crislers received $1 million to which they were not entitled. Id. at 432-435.

Following the remittitur in *Haugabook I*, the trial court, on November 10, 2009, filed an order granting summary judgment to Haugabook as directed. On December 1, 2009, Haugabook amended his complaint making a prayer for prejudgment interest pursuant to OCGA § 7-4-15, and on December 7 filed a "Motion for Entry of Final

Judgment Awarding Prejudgment Interest." On February 9, 2010, the trial court entered a final judgment awarding Haugabook prejudgment interest at the legal rate provided in OCGA § 7-4-2 (a) (1) (A).

On appeal, the Crislers argue that because Haugabook made no prayer for prejudgment interest in his original complaint and subsequent amendments, and did not seek leave of court to amend his complaint after entry of summary judgment, the trial court erred in awarding him prejudgment interest. OCGA § 7-4-15 provides in part: "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." And we have consistently held that "[a]n award of prejudgment interest for liquidated damages is mandatory rather than discretionary and is awarded as a matter of law." (Citation and footnote omitted.) *Holloway v. State Farm Fire &c. Co.*, 245 Ga. App. 319, 322 (2) (537 SE2d 121) (2000); see *In re Estate of Miraglia*, 290 Ga. App. 28, 31 (2) (658 SE2d 777) (2008).

As there is no dispute that the award here was liquidated, the trial court did not err in awarding Haugabook prejudgment interest.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED FEBRUARY 11, 2011 — ▮▮▮▮▮▮▮▮

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Jeffrey W. DeLoach*, for appellants.

*Davis & Melton, F. Gregory Melton, Jones, Cork & Miller, Howard J. Strickland, Jr.*, for appellees.