S11G0907. CRISLER et al. v. HAUGABOOK et al.

(725 SE2d 318)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Crisler v. Haugabook*, 307 Ga. App. 796 (706 SE2d 184) (2011), and posed this question: Whether a party must make a prayer for prejudgment interest under OCGA § 7-4-15 and, if so, whether it can be made without leave of court following the grant of summary judgment.

This case made two appearances in the Court of Appeals. In the first appearance, the Court of Appeals reversed the grant of summary judgment in favor of the Crislers and directed the entry of summary judgment in favor of Haugabook on a claim for money had and received. *Haugabook v. Crisler*, 297 Ga. App. 428 (677 SE2d 355) (2009). Upon return of the remittitur, the trial court entered summary judgment for Haugabook as directed.[1] Thereupon, Haugabook filed an amendment to his complaint, adding a prayer for prejudgment interest under OCGA § 7-4-15, and a motion for entry of final judgment awarding prejudgment interest. The Crislers opposed the motion, pointing out that Haugabook did not seek prejudgment interest in his original complaint, and that Haugabook's amendment to his complaint seeking such interest was made

---

[1] This was not a final judgment because no ruling was made upon the merits of Haugabook's "other legal and equitable claims to the same money." *Haugabook* at 435. Thus, the entry of summary judgment adjudicated fewer than all of the claims and did not terminate the action. See OCGA § 9-11-54.

without leave of court.[2] The trial court entered final judgment for Haugabook, awarding him the principal amount of his claim and prejudgment interest at the legal rate and the Crislers appealed, asserting the trial court erred in awarding Haugabook prejudgment interest. The Court of Appeals affirmed and we granted the Crislers' petition for a writ of certiorari.

OCGA § 7-4-15 provides, in pertinent part: "All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party shall become liable and bound to pay them; if payable on demand, they shall bear interest from the time of the demand." Under this statute, prejudgment interest — which flows automatically from a liquidated demand — is to be awarded upon a judgment for a liquidated amount. Thus, as long as there is a demand for prejudgment interest prior to the entry of final judgment, a trial court should award it. Compare *Holloway v. State Farm Fire &c. Co.*, 245 Ga. App. 319, 322 (537 SE2d 121) (2000) (award of prejudgment interest for liquidated damages is mandatory, not discretionary, and awarded as a matter of law) with *First Bank & Trust Co. v. Insurance Service Assn.*, 154 Ga. App. 697, 699 (4) (269 SE2d 527) (1980) (trial court did not err in failing to include prejudgment interest in granting summary judgment in absence of demand in complaint or amendment thereto). See also *Anderson v. State of Georgia*, 2 Ga. 370 (1847) (one who wrongfully detains the money of another is chargeable with interest from the time he detains it and trial court did not err in instructing jury it should allow interest upon liquidated amount). The only requirement for a prejudgment interest award upon a liquidated damages claim is a demand. *First Bank & Trust Co.*, supra.[3] That is because the party opposing the award must be given an opportunity to contest it prior to the entry of judgment. Inasmuch as Crisler was given an opportunity to contest the award by opposing Haugabook's amendment and motion for the entry of final judgment, the award of prejudgment interest was proper. See OCGA § 9-11-54 (c) (1) ("Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give

---

[2] See OCGA § 9-11-15 (a) (after entry of a pretrial order, a "party may amend his pleading only by leave of court or by written consent of the adverse party").

[3] In *First Bank & Trust Co.*, supra, the court observed the plaintiff did not demand prejudgment interest in its complaint or an amendment thereto. It is apparent, however, that the plaintiff did not raise the prejudgment interest issue in any manner whatsoever before the trial court entered final judgment. Thus, *First Bank & Trust Co.* should not be read narrowly so as to require a party to demand prejudgment interest via complaint or amendment.

the successful party relief, though he may be entitled to it, where the propriety of the relief was not litigated and the opposing party had no opportunity to assert defenses to such relief.'').

*Stuckey Health Care v. State of Ga.*, 193 Ga. App. 771 (389 SE2d 349) (1989), upon which Crisler relies, is inapposite and does not demand a contrary ruling. In *Stuckey*, the Court of Appeals affirmed the denial of a motion to amend the complaint to seek prejudgment interest after the grant of summary judgment was affirmed on appeal. However, the primary claim in that case — to recover for reimbursement of Medicaid payments — was not liquidated.

We note, in passing, that Crisler would not have been warranted in opposing a motion to amend to seek prejudgment interest even if, as Crisler insists, such a motion should have been made formally.[4] ''A party may hardly resist an amendment curing a defectively stated claim on the ground that it will expose him to a possible liability; he may no more successfully oppose the amendment of an *ad damnum* clause on the ground that it will place him at peril of an increased liability.'' *Poloron Products v. Lybrand Ross Bros. & Montgomery*, 72 FRD 556, 561 (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

*Fortson, Bentley & Griffin, J. Edward Allen, Jr., Jeffrey W. DeLoach*, for appellants.

*Jones, Cork & Miller, H. Jerome Strickland, Sr., Matthew T. Strickland, Christopher J. Arnold*, for appellees.

---

[4] Our concern in this is only with an award of prejudgment interest on a liquidated claim. Accordingly, we need not decide whether, generally speaking, a party can amend a complaint without leave of court after a summary judgment (or, as in this case, a partial summary judgment) is affirmed (or, as in this case, granted) on appeal. See *Summer-Minter & Assocs. v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1974); *Stuckey Health Care v. State of Ga.*, supra; but see OCGA § 9-11-15 (a) (''party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pretrial order'').