[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10486
_____

D. C. Docket No. 1:08-cv-03711-ECS

TRADE AM INTERNATIONAL, INC.,

Plaintiff-Appellee,

versus

THE CINCINNATI INSURANCE COMPANY,

Defendants-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 28, 2013)

Before BARKETT and JORDAN, Circuit Judges, and SCHLESINGER,[*] District
Judge.

_____

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

The Cincinnati Insurance Company appeals from a Final Judgment after a jury verdict in favor of Trade Am International, Inc. on its insurance coverage claims for recovery of property damage, business interruption, and extra expense losses caused by a sprinkler pipe break at a merchandise warehouse.

CIC now appeals and raises three issues. First, CIC argues that Trade Am's claim fails as a matter of law under the plain terms of the policy. Second, in the alternative, CIC contends that it is entitled to a new trial because the partial summary judgment and related jury instructions struck controlling policy terms. Third, and finally, CIC argues that the $1.2 million in pre-judgment interest award is contrary to the law.

Initially, we note that Trade Am contends that CIC waived its challenge to the District Court's grant of partial summary judgment by virtue of CIC's failure to raise these arguments in a Rule 50(a) motion. Although there are no Eleventh Circuit cases directly on point, the Eighth Circuit has held that a party need not make a Rule 50(a) motion to preserve a challenge to a partial summary judgment ruling which eliminated certain issues from the trial of the case. *See Owatonna Clinic–Mayo Health Sys. v. Med. Protective Co.*, 639 F.3d 806, 810-11 (8th Cir. 2011). Regardless, this question need not be reached here—we conclude that the

District Court's resolution of the motions for partial summary judgment was proper.

Furthermore, we need not grapple with CIC's first assignment of error. This Circuit has "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (internal quotations omitted). CIC failed to properly raise the specific arguments in its first assignment of error before the District Court; therefore, we need not address these issues.

Finally, it was not improper for the District Court to instruct the jury that they could award prejudgment interest, and it was within the jury's discretion to award such damages. *See Braner v. Southern Trust Ins. Co.*, 335 S.E.2d 547, 550 (Ga. 1985); *Holloway v. State Farm Fire & Casualty Co.*, 537 S.E.2d 121, 125 (Ga. Ct. App. 2001).

**AFFIRMED.**