**FOURTH DIVISION**
**MCFADDEN, P. J.,**
**RICKMAN, P.J., and PADGETT, J.**

**NOTICE: Motions for reconsideration must be
physically received in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**APRIL 7, 2026**

# In the Court of Appeals of Georgia

A26A0419. AMENDIA, INC. et al v. ROBINSON et al.

PADGETT, Judge.

Amendia, Inc., d/b/a Spinal Elements, and Spinal Elements, Inc. (collectively "Amendia") appeal an award of prejudgment interest in favor of James Robinson, M.D., and Spectrum Holdings, LLC (collectively "Spectrum") made as part of the trial court's order confirming an arbitration award. Amendia contends the trial court erred in awarding prejudgment interest because: (1) it was denied a full and fair opportunity to litigate the issue; (2) the trial court incorrectly made the award of interest retroactive to a date before its order confirming the arbitration award; and (3) the trial court's ruling followed an "unreasonable delay" during which time prejudgment interest accrued. For the reasons set forth below, we affirm except as to

the date on which prejudgment interest began to accrue. Thus, we vacate the judgment as to the amount of prejudgment interest awarded, and remand the case for recalculation of the amount of prejudgment interest to be awarded.[1]

In April 2018, Spectrum sued Amendia for injunctive relief and damages, alleging, among other things, breach of a confidentiality agreement and misappropriation of trade secrets. Spectrum's complaint did not include a specific prayer for prejudgment interest, but in addition to requests for damages and attorney fees, Spectrum asked that the trial court grant "all other statutory, civil, general, special, extraordinary, injunctive, or other relief" that it deemed appropriate. The parties then submitted the case to arbitration, and on November 1, 2020, the arbitrator issued his final award, ordering Amendia to pay Spectrum $2,098,497.44 in damages, fees, and costs. Following that final award, Spectrum sent Amendia a letter on December 9, 2020, making a "formal request that [Amendia] pay the [a]ward[,]" and stating that "[s]hould [Amendia] not timely pay the [a]ward by December 18, 2020," Spectrum would be forced to move the trial court to confirm the award and would "seek the recovery of all interest, costs, fees, and expenses incurred in that effort — pursuant to Georgia law[.]"

---

[1] Oral argument was held in this case on February 24, 2026, and is archived on the Court's website. See Court of Appeals of the State of Georgia, Oral Argument, Case No. A26A0419 (Feb. 24, 2026), available at https://vimeo.com/1168885784.

Amendia did not pay the award and instead, on December 21, 2020, filed a motion to vacate the award. Spectrum responded in opposition and then, in February 2021, filed an application, asking the trial court to confirm the award, grant contractual and statutory attorney fees and costs, and "[g]rant all other such and further relief" the trial court deemed appropriate. Spectrum also attached as an exhibit to the application its December 9, 2020 letter demanding payment of the fixed amount of the award and asserting that it would seek recovery of interest if Amendia did not pay.

The trial court held a hearing on the parties' respective requests to vacate and confirm the award on February 15, 2022.[2] In Spectrum's counsel's concluding argument, he requested that the trial court confirm the arbitration award and "award prejudgment interest, under [OCGA §] 7-4-15 from the date of [Spectrum's] liquidated damages demand, which is the same … letter attached as an exhibit [and] dated December 9, 2020." Amendia's counsel's concluding argument followed, in which he claimed that grounds existed for vacating the award and that Spectrum was not entitled to certain types of attorney fees, but did not argue that Spectrum was not

---

[2] The year-long delay before the trial court's hearing resulted from a consent order to stay proceedings because Amendia believed a then-forthcoming opinion of the Supreme Court of Georgia would support its motion to vacate. See *Adventure Motorsports Reinsurance, Ltd. v. Interstate Nat'l Dealer Servs., Inc.*, 313 Ga. 19 (867 SE2d 115) (2021). The trial court lifted the stay in January 2022.

entitled to prejudgment interest under OCGA § 7-4-15 or otherwise address the prejudgment interest issue.

At the conclusion of the February 2022 hearing, the trial court requested that the parties submit proposed orders by March 11, 2022. Both parties submitted proposed orders via email to the trial court and respective opposing counsel. Neither Amendia's proposed order nor its email to the trial court mentioned prejudgment interest or offered supplemental briefing on the issue. Spectrum followed with submission of its proposed order confirming the arbitration award and granting its request for prejudgment interest. Over the ensuing months, the parties continued to raise issues with the trial court by email. Specifically, in March 2022, in response to Spectrum objecting to a portion of Amendia's proposed order that would have modified the arbitration award, Amendia offered to provide a letter brief to the trial court on the issue. Again in October 2022, Amendia emailed the trial court with "recent authority" it maintained supported vacating the arbitration award, and again offered to provide supplemental briefing on the issue. None of the emails from Amendia raised any objection to, or offered supplemental briefing on, Spectrum's request for prejudgment interest.

Three years later, on April 22, 2025, the trial court entered an order denying Amendia's motion to vacate the arbitration award, and granting both Spectrum's

application to confirm the award and its request for prejudgment interest from the date of the December 9, 2020 demand letter until the date judgment was entered. The trial court then denied Amendia's request for a certificate of immediate review, as it planned for a June 13, 2025 hearing to determine the amount of Spectrum's awarded contractual attorney fees. However, after receiving an affidavit establishing Spectrum's attorney fees and briefing on the issue from Amendia, the trial court issued its order and final judgment on June 11, 2025, which included prejudgment interest of $662,030.25, running from December 9, 2020, through entry of judgment on June 11, 2025.[3] This appeal followed.

1. Amendia first claims that the trial court erred in awarding prejudgment interest because it was "denied a full and fair opportunity to litigate the issue" before the trial court. More specifically, Amendia argues that "[a]t no time did [Spectrum] pray for an award of prejudgment interest or otherwise make a demand for such[,]"and that it "w[as] not given an opportunity to fully and fairly respond to [Spectrum's] oral claim" of entitlement to prejudgment interest at the February 2022 hearing. We disagree.

---

[3] The order also awarded post-judgment interest at the legal rate from the date of judgment until satisfaction of the debt. Amendia partially satisfied the judgment, less the prejudgment interest component, shortly before filing its notice of appeal.

Under OCGA § 7-4-15, prejudgment interest accrues on "all liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, running from the date such fixed sum becomes due." *Estate of Callaway v. Garner*, 297 Ga. 52, 54(2) (772 SE2d 668) (2015) (citation modified). "Under this statute, prejudgment interest—which flows automatically from a liquidated demand—is to be awarded upon a judgment for a liquidated amount. Thus, as long as there is a demand for prejudgment interest prior to the entry of final judgment, a trial court should award it." *Crisler v. Haugabook*, 290 Ga. 863, 864 (725 SE2d 318) (2012). The *fact* of a request or demand for prejudgment interest conveys to any party opposing it the opportunity to contest it prior to the entry of judgment, and where a party has been given that opportunity, an award of prejudgment interest is proper. See id. at 864–65 (citing OCGA § 9-11-54(c)(1) ("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings; but the court shall not give the successful party relief … where … the opposing party had no opportunity to assert defenses to such relief")). Accordingly, where a timely request for prejudgment interest is made, "an award of prejudgment interest pursuant to OCGA § 7-4-15 is mandatory rather than discretionary, and is awarded by a judge as a matter of law." *Rivergate Corp. v.*

6

*Atlanta Indoor Advertising Concepts, Inc.*, 210 Ga. App. 501, 503(3) (436 SE2d 697) (1993) (citation modified).

The inquiry before us with respect to this enumeration of error, then, is a factual one: whether Spectrum made a request for prejudgment interest prior to entry of final judgment. We therefore review the trial court's grant of prejudgment interest, based upon the sole requirement of a timely request for the same, under the clearly erroneous standard. See *In re Estate of O'Connell*, 354 Ga. App. 333, 335 (840 SE2d 730) (2020) (noting that where court's judgment is based on fact that is clearly erroneous, for which there is "no evidence," judgment should be reversed); *Estate of Callaway*, 297 Ga. at 54–55(2) (remanding case for determination by trial court of whether claimants' reference to OCGA § 7-4-15 in proposed conclusions of law, submitted after trial but before entry of judgment, constituted a sufficient demand for prejudgment interest).

Here, the trial court's order finding that Spectrum's December 9, 2020 letter constituted a request for prejudgment interest, should Amendia refuse to pay Spectrum's liquidated demand, was not clearly erroneous. In that letter, Spectrum unequivocally stated that it would seek recovery of "interest" if Amendia did not pay the fixed amount of the arbitration award by December 18, 2020. At that point in time, because the lawsuit was still pending, the only kind of recoverable interest that

was available to Spectrum was prejudgment interest. Compare OCGA § 7-4-12 (providing for postjudgment interest), with OCGA §§ 7-4-14 (establishing the time at which prejudgment interest on liquidated claims begins to accrue), and 7-4-15 (providing for prejudgment interest on liquidated claims). On the facts before us, Spectrum's omission of the word "prejudgment" from its request did not strip the request of its plain meaning and defeat the sufficiency of the request. See *Ga. Lottery Corp. v. Vasaya*, 353 Ga. App. 52, 58(4) (836 SE2d 107) (2019) (physical precedent only) (holding request for "interest" was sufficient demand for prejudgment interest and noting that "we have not found[ ] any case requiring a plaintiff to use the word 'prejudgment' … in order to recover prejudgment interest under OCGA § 7-4-15").[4] Cf. *Mr. Transmission v. Thompson*, 173 Ga. App. 773, 774(1) (328 SE2d 397) (1985) (upholding award of punitive damages and finding OCGA § 9-11-54(c)(1) satisfied, notwithstanding that plaintiff prayed for recovery of general damages; "it is not a requisite to the assessment of punitive damages that they should be claims eo nomine" (quotation marks omitted)).

---

[4] While this Court's decision in *Vasaya* is persuasive, but not binding, authority, see Ga. Ct. App. R. 33.2(a)(2), we note that then-Presiding Judge and now-Justice McMillian's dissent did not reach the issue of whether the plaintiff's claim of entitlement to "interest" was sufficient to be considered a demand for prejudgment interest under OCGA § 7-4-15. See *Vasaya*, 353 Ga. App. at 59-60.

Moreover, that Spectrum made its request via letter rather than formal pleading likewise does not vitiate its effectiveness as a demand for prejudgment interest. Indeed, in *Crisler*, our Supreme Court observed that this Court properly disallowed prejudgment interest where a plaintiff "did not raise the prejudgment interest issue in any manner whatsoever before the trial court entered final judgment," and cautioned that certain case law from this Court "should not be read narrowly so as to require a party to demand prejudgment interest via complaint or amendment." *Crisler*, 290 Ga. at 864 n.3 (discussing *First Bank & Trust Co. v. Ins. Serv. Ass'n*, 154 Ga. App. 697, 699(4) (269 SE2d 527) (1980)). Thus, in *Gwinnett County v. Old Peachtree Partners, LLC*, 329 Ga. App. 540 (764 SE2d 193) (2014), where the claimant made written demands, not described as pleadings, to the defendant for payment of a liquidated principal amount, plus prejudgment interest, this Court found that with those demands, the defendant had a full and fair opportunity to contest an award of prejudgment interest and therefore had not articulated a valid basis for reversal on the ground that the claimant did not make a timely or sufficient request for prejudgment interest. Id. at 548(1)(b). Accord *Fed. Deposit Ins. Corp. v. Certain Underwriters at Lloyd's of London*, 45 F4th 1301, 1307(III) (11th Cir. 2022) (explaining that under Georgia law, while a demand for prejudgment interest may be made formally, by way of a pleading, it may also be made "informally,

9

such as by sending a letter to the other party" (citing *Old Peachtree Partners*, 329 Ga. App. at 548(1)(b))).

Even if the December 9, 2020 letter was not a request for prejudgment interest, Spectrum's request at the February 2022 hearing that the trial court "award prejudgment interest, under [OCGA §] 7-4-15 from the date of [Spectrum's] liquidated damages demand" was clear, unequivocal, and made well in advance of entry of final judgment. See *Crisler*, 290 Ga. at 863–64 (upholding award of prejudgment interest where request was made after entry of summary judgment and by way of amended complaint made without leave of court). With that request, Amendia had an opportunity to contest the propriety of prejudgment interest, but expressed no objection to it whatsoever. It was likewise silent on the issue after receiving a copy of Spectrum's proposed order in March 2022 and it did not request that the trial court re-open briefing to further address the issue. And it continued its silence on the issue when it brought other matters to the trial court's attention in October 2022, offering the trial court supplemental briefing on those matters. Even after the trial court entered its order awarding prejudgment interest in April 2025 and set a June 2025 hearing on certain attorney fees, Amendia did not seek reconsideration of the award or otherwise assert any objection to it before entry of final judgment on June 11, 2025.

In sum, both the December 9, 2020 letter and the request made at the February 2022 hearing were opportunities Amendia had to contest the propriety of prejudgment interest, but chose not to take. As a result, the trial court's award of prejudgment interest comports with OCGA § 9-11-54(c)(1) and Amendia's enumeration of error on this ground is without merit.[5] See also *Sovereign Healthcare, LLC v. Mariner Health Care Mgmt. Co.*, 329 Ga. App. 782, 787–88(2)(b) (766 SE2d 172) (2014) (where appellant objected to prejudgment interest on a number of grounds in the trial court, "but did *not* challenge the applicability of the statutory rate or alert the trial court to the different [contractual] rate," it waived that argument on appeal).

2. Amendia also claims the trial court erred by awarding prejudgment interest retroactive to December 9, 2020, the date of the letter in which Spectrum demanded payment of the fixed amount of the arbitration award. Specifically, Amendia argues that because it was not "liable and bound to pay" the arbitration award until April 22, 2025, when the trial court denied Amendia's motion to vacate the award and granted Spectrum's application to confirm the award, the trial court was authorized to award prejudgment interest only for the period from April 22, 2025, until June 11,

---

[5] We note that we reach the same conclusion even reviewing the trial court's decision de novo.

2025. While we disagree with Amendia's interpretation of the law, we agree that, as a factual matter, the trial court incorrectly identified the date on which prejudgment interest began to accrue.

As a preliminary matter, we reject Amendia's argument that prejudgment interest did not begin to accrue until the trial court entered its April 22, 2025 order. First, we have long held that where a demand is made for a liquidated amount, prejudgment interest accrues from the time of the demand. *Int'l Indemnity Co. v. Terrell*, 178 Ga. App. 570, 571(2) (344 SE2d 239) (1986). See also *Rivergate Corp.*, 210 Ga. App at 503(3) ("[a]n award of interest under [OCGA § 7-4-15] is not premised on bad faith but on the principle that when a debt is owed and the demand for funds is made, interest accrues from the time entitlement attaches"); *Lloyd's of London*, 45 F4th at 1308(III) n.6 ("Georgia law allows a liquidated claim to accrue interest from the due date of the principal, even if a demand for interest is during the middle of a lawsuit years later" (citing *Old Peachtree Partners*, 329 Ga. App. at 545–48(1); *Crisler*, 290 Ga. at 864–65)). Secondly, to accept Amendia's argument that prejudgment interest does not start accruing until entry of an order finding the defendant liable — be it on summary judgment or confirmation of an arbitration award — would, in many cases where the issue of attorney fees need not be subsequently determined and the order establishing liability is contemporaneous with final judgment, render

12

the prejudgment interest statute effectively meaningless and thwart its purpose. See *Crown Series, LLC v. Holiday Hospitality Franchising, LLC*, 357 Ga. App. 523, 531(2) (851 SE2d 150) (2020) (purpose of prejudgment interest under Georgia law is "to compensate the injured party for *the delay* in receiving money damages" (citation modified)).

Here, however, while Spectrum made a liquidated demand for payment of the arbitration award on December 9, 2020, it provided Amendia until December 18, 2020, to comply with the demand. As a result, prejudgment interest did not begin to accrue until expiration of the time period Spectrum provided for payment to be made. See *Int'l Indemnity*, 178 Ga. App. at 571(2) (where demand carried with it a 30-day period to respond, prejudgment interest did not begin to accrue until the expiration of 30 days from the date of demand). See also *Gray v. King*, 270 Ga. App. 855, 856(1) (608 SE2d 320) (2004) (upholding award of prejudgment interest where plaintiffs demanded defendant pay liquidated damages within 30 days of service of their complaint and the trial court awarded interest beginning 30 days after service). We therefore vacate the portion of the judgment establishing accrual of prejudgment interest beginning December 9, 2020, and remand the case for recalculation of the amount of prejudgment interest running from expiration of the time period Spectrum set forth in its December 9, 2020 demand letter, through entry of final judgment.

3. Amendia further argues that the trial court committed "clear error" in awarding prejudgment interest over a three-year period in which the trial court had heard argument, but had not yet ruled on the application to confirm the award. We find no merit in this argument.

To reiterate, the arbitrator rendered its decision and award on November 1, 2020, and Spectrum demanded payment of the fixed amount of the award on December 9, 2020, advising Amendia that it would seek recovery of interest if Amendia did not make timely payment. Amendia chose not to make payment of the amount awarded, and instead filed a motion to vacate the award, initiated a year-long stay of the proceedings, and then sat silent in response to Spectrum's unequivocal request for prejudgment interest at the February 2022 hearing. Amendia continued to sit silent for the three ensuing years, retaining the amount awarded to Spectrum by the arbitrator, while waiting for the trial court's order — a time period during which it brought other issues to the trial court's attention, but not its opposition to prejudgment interest.

As pointed out above, the purpose of prejudgment interest under Georgia law is "to compensate the injured party for the delay in receiving money damages." *Crown Series*, 357 Ga. App. at 531(2) (quotation marks omitted). Thus, where a plaintiff makes a demand for a liquidated amount allegedly owed, Georgia law

14

protects that plaintiff — and poses risk to the non-paying defendant — by attaching

prejudgment interest to the principal debt, so long as a request for that interest is

made before entry of final judgment. As our federal colleague court aptly stated:

"Georgia's policy is that defendants litigate at their own risk if liquidated claims are

involved." *Lloyd's of London*, 45 F4th at 1307(III). Litigants like Amendia are free to

mitigate that risk by paying the principal in response to a liquidated demand and then

litigating liability for the principal, thereby avoiding prejudgment interest. Where

they choose not to do so, however, OCGA § 7-4-15 mandates that prejudgment

interest be awarded so long as it is requested prior to entry of final judgment. The

length of time over which Amendia was liable for prejudgment interest was of

Amendia's own design, not the trial court's. Thus, the timing of the trial court's

order confirming the arbitration award and granting Spectrum's request for

prejudgment interest provides no basis for reversal.[6] See *Crown Series*, 357 Ga. App.

at 533(2) n.11 (to limit or reverse an award of prejudgment interest where OCGA §

---

[6] As support for its claim of error, Amendia points to OCGA § 15-6-21(b)'s requirement that trial courts in more populous counties rule on motions within 90 days. However, an appropriate remedy for a violation of the statutory 90-day mandate is mandamus, not for this Court to rule in favor of the complaining party, regardless of the underlying merits. See, e.g., *Fein v. Bessen*, 300 Ga. 25, 29 (793 SE2d 76) (2016); *Hagan v. State*, 294 Ga. 716, 717(2) (755 SE2d 734) (2014), overruled in part on other grounds by *Collier v. State*, 307 Ga. 363 (834 SE2d 769) (2019).

7-4-15 would otherwise require it would defeat the "incentive to remit liquidated damages payments and, therefore, the purpose of liquidated damages generally and OCGA § 7-4-15 specifically would be nullified").

4. Finally, in its reply brief, Amendia asserts additional arguments that it did not enumerate as error or argue in its initial appellate brief. Specifically, Amendia argues in its reply that arbitration awards are not liquidated claims, and that the trial court was without authority to award prejudgment interest because the arbitrator "was to decide all disputes between the parties" and Spectrum "failed to demand prejudgment interest in the arbitration proceedings," thus leading to the arbitration award not including prejudgment interest. However, Amendia did not raise these arguments in its initial appellate brief and this Court will not consider arguments raised for the first time in a reply brief. See *We Care Transp., Inc. v. Branch Banking and Trust Co.*, 335 Ga. App. 292, 296(2) (780 SE2d 782) (2015).

*Judgment affirmed in part and vacated in part, and case remanded with direction. McFadden, P. J., and Rickman, P. J., concur.*